No. 67.—JOHN LYON, Solicitor General, and another, plain-
tiffs in error, *vs.* JAMES MORRIS, defendant in error.

[1.] By the 4th section and 14th division of the Penal Code, it is provided,
that the fees due the Attorney and Solicitor General, and other officers of
the Court shall, when examined and allowed by the Court, be paid out of
any moneys received, for fines inflicted by the Court or collected on for-
feited recognizances : *Held*, that until these moneys for fines are received,

or on forfeited recognizances, are collected, that it is competent for the Legislature to remit the penalties.

[2.] No Court is warranted in predicating its decision upon the supposed want of good faith in the State.

Rule, &c. in Randolph Superior Court. Decision by Judge PERKINS, April Term, 1854.

The recognizance of James Morris, as bail for J. A. Satterwhite, was forfeited, and judgment rendered in favor of the State, for the amount thereof. The Legislature of 1853–4, passed an Act discharging Morris from liability thereon, and ordering the proper officers to enter the same satisfied. In return to a rule requiring the Solicitor General and Clerk to enter the judgment satisfied, or show cause to the contrary, those officers showed that they had orders granted for costs in insolvent cases, to an amount greater than that of the judgment, and that their right to the amount thereof, was vested, and could not be divested by the Legislature. The Court below over-ruled this showing, as insufficient, and this decision is assigned as error.

LYON, for plaintiff in error.

KIDDOO & TUCKER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the 4th section of the 14th division of the Penal Code, it is provided that the fees due the Attorney and Solicitor General, and other officers of the Court, shall, when examined and allowed by the Court, be paid out of any moneys, *received*, for fines inflicted by the Court or *collected* on forfeited recognizances. (*Cobb's Dig.* 833–4.)

Until moneys for fines, then, are received, or on forfeited recognizances, are collected, we are clear that these penalties

may be remitted—we should be loth to hold otherwise. To tie up the hands of the Governor and Legislature, from granting relief in proper cases, the right.to do so should be unquestionable. To suppose that the other two departments of the Government are under restraints, thus self-imposed, the point should be free from all doubt.

Suppose that a fund, arising from a particular tax, should be designated by law, for the.payment of these fees, cannot another fund be substituted? We know nothing in the nature and tenure of public offices, which are created under our Government, for the benefit of the body politic, to justify the assumption upon which this writ of error is founded.

In the case of the *State* vs. *Dews*, (*R. M. Charlton's R.* 397,) it was held, in what Chancellor *Kent* has been pleased, and we think justly, to compliment as "the very able and elaborate opinion delivered by Judge *Nicoll*", (3 *Kent's Com.* 454, 5th edition, note *b*,) that the power of regulating and prescribing the nature of public offices—their duties, powers, privileges and *emoluments*, was purely legislative, and within the legitimate powers of the General Assembly—and that if the Legislature increased their duties and responsibilities, or *diminished their emoluments*, they must submit, except in those instances in which the Constitution, itself, had declared the duty and fixed the compensation; because, in the nature of things, these are the subjects of such regulations as the general welfare may, from time to time, dictate; and offices, therefore, are conferred and accepted, subject to such regulations.

I will only add, that the *major* power, theoretically claimed in this case, must necessarily include the *minor*, which was actually exercised by the Legislature, in remitting this forfeited recognizance, before collection—notwithstanding the effect may be to postpone the payment of the fees due the public officers.

[2.] No Court is warranted in predicating a decision upon the supposed want of good faith in the State. We are bound to presume that if, in the indulgence of its sense of justice or mercy, it has released a fine or forfeiture, and that thereby a

public agent or officer has suffered loss, or been otherwise damnified, that adequate compensation will be made in some other mode.