West *vs.* Kendrick.

---

J. P. WEST, plaintiff in error, *vs.* J. A. KENDRICK, defendant in error.

In a suit on a promissory note due to A, a set-off due to the defendant by a partnership of which A is a member, cannot be pleaded either at law or equity unless there be special circumstances also pleaded, to avoid the want of mutuality between the two debts.

Set-off. Partnership. Mutuality. Before Judge CLARK. Sumter Superior Court. April Term, 1872.

James P. West filed his bill against Judson A. Kendrick, containing, substantially, the following allegations: That at the October Term, 1871, of the Superior Court of Sumter county, there was pending against complainant a suit in favor of defendant on a note for about $300; that complainant retained Messrs. Lanier & Anderson, counselors at law, to represent him in said cause, and a plea was filed by said attorneys by virtue of the aforesaid retainer, as follows, to-wit:

J. A. KENDRICK *vs.* JAMES P. WEST:

Now comes James P. West and says, on oath, that he is not indebted to plaintiff in manner and form stated in said case, for the reason that he has placed in the possession of A. D. Kendrick twenty-six bales of cotton, and, from information from others, believes that said J. A. Kendrick and A. D. Kendrick are partners in business, and that there will be a sufficiency, and more, out of the proceeds of said cotton to pay said claim, and places himself upon the country.

(Signed)          J. P. WEST.

LANIER & ANDERSON, Attorneys.

Sworn to and subscribed before me,
this 15th December, 1871.
    B. F. BELL, Ordinary.

That at an adjourned term of said Court, the case of J. A. Kendrick *vs.* complainant, being called, and the name of Lanier & Anderson not having been marked on the docket, judgment was rendered against him; that Mr. Lanier, of the firm of Lanier & Anderson, had been present at said adjourned term, but had obtained leave of absence before said cause was called; that complainant, not supposing that said cause would be called in the absence of his counsel, was not present; that said judgment was rendered without his knowledge or consent; that an execution based on said judgment has been levied upon the property of complainant, which is now advertised for sale; that he expects to prove that the

West *vs.* Kendrick.

plaintiff in said case has enough effects in his hands to pay the note sued on; prayer, that defendant and the sheriff may be enjoined from proceeding with said levy until the further order of the Court; that the common law judgment aforesaid may be set aside; that the writ of subpœna may issue; complainant waives discovery.

The only portion of defendant's answer necessary to an understanding of the decision of the Court is substantially as follows, to-wit: Respondent denies that he has effects in his hands belonging to complainant, or that he is indebted to him in any sum whatever; that said pretended defense is made only for delay; that the allegations in said plea as to a partnership between A. D. Kendrick and defendant are untrue; that respondent and A. D. Kendrick were not partners at the time the note sued on was given, and have not been since; that said note was given in satisfaction of an account for merchandise and goods sold; that some eight months after said note was given, complainant paid to J. A. Ansley, attorney for respondent, the sum of $170, without making any claim of a defense to said debt, and without making any pretense that it had any connection with the cotton transactions set forth in said plea.

The Court refused the injunction, and plaintiff in error excepted and assigns said decision as error.

LANIER & ANDERSON, for plaintiff in error.

J. A. ANSLEY, represented by B. P. HOLLIS, for defendant.

McCAY, Judge.

Taking the charges in this bill at their fullest value, they do not, in our judgment, make out a case for equitable interference. The suit is in the name of J. A. Kendrick, and the presumption, until it is charged to the contrary, is that the debt is due to him. The debt or cause of action or claim which the complainant sets up is one which, according to his

own statement, is not due from J. A. Kendrick, but either from A. D. Kendrick or from a firm composed of J. A. & A. D. Kendrick. Now, even if the answer did not expressly deny the partnership, it is well settled that a debt due by a partnership cannot be set-off against a debt due by a third person to one of the firm. There is no mutuality. The firm and its individual members are different contractors; each is, in the eye of the law, a separate person. Nor is the rule different in equity: equity follows the law. True, equity will sometimes, when special equities appear and facts are stated showing why the rules of law will do injustice, see to it that this rule shall bend and justice be done between all the parties. *Prima facie*, this firm, if there be one, can pay its own debts and settle its own controversies, and J. A. Kendrick is not to be prevented from collecting debts due him by controversies between a firm of which he is a member and those who owe him.

No wrong has, therefore, been done Mr. West by the judgment. He sets up nothing which, if he had the judgment set aside, he could take advantage of. His plea was not a good one, even if it had been regularly and formally filed. Mr. Anderson's absence did not hurt. Equity will not interfere to stop or set aside a judgment where no good can come of it. The injunction was properly refused.

Judgment affirmed.