WILLIAM Q. COLE, AUDITOR OF PUBLIC ACCOUNTS, *v.*
BENJAMIN G. HUMPHRIES, DISTRICT ATTORNEY.

1. CONSTITUTIONAL LAW. *Constitution of* 1890, *sec.* 174. *Salaries. Deductions. District attorneys.*

    Section 174, constitution of 1890, providing that district attorneys shall be paid a fixed salary, does not prevent the legislature from authorizing deductions from their salaries for neglect of official duty, whether from sickness or other causes. The word "fixed" in the section simply marks the change made by the constitution in the compensation of district attorneys from a system of fees and salaries to one of salaries alone.

2. SAME. *Constitution* 1890, *sec.* 78.

    Section 78, constitution 1890, requiring the legislature to regulate deductions from salaries of public officers for neglect of official duty, does not deprive the legislature of power to provide for reductions from such salaries because of a failure to perform official duties on account of sickness and like causes.

3. SAME. *Laws* 1898, *p.* 77.

    The act of 1898 (laws 1898, p. 77), directing a deduction from the salary of a district attorney because of his absence from a circuit court of his district for whatever cause, is constitutional.

4. SAME. *Construction. Unjust and oppressive legislation.*

    The courts will not declare an act of the legislature unconstitutional because it is unjust or oppressive. To warrant so doing, the act must be plainly and clearly violative of the fundamental law.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Humphries, district attorney, the appellee, was the plaintiff in the court below; Cole, auditor of public accounts, appellant, was defendant there. The action was a mandamus proceeding. The facts are fully stated in the opinion of the court.

*Monroe McClurg*, attorney-general, for appellant.

The claim of the appellee is entirely too narrow and technical. The word "fixed," as used in section 174, must be given a meaning and force consonant with the general purpose of the convention as gathered from the entire constitution. And to the contention that section 78 of the constitution limits deductions to cases of neglect of official duty alone, the answer is that such a construction is not in accord with the general idea pervading the entire instrument. The court will observe that section 78 is a command to the legislature to make deductions for neglect of official duty—in other words, the command is not intended to be an exception to any general rule, the clear inference being that the legislature may make other deductions according to the public policy of the state and according to the other directions and purposes of the constitution itself, while it must make them for neglect of official duty. "The letter killeth, while the spirit giveth life."

Section 174 of the constitution reads as follows: "A district attorney for each circuit court district shall be selected in the manner provided by law, whose term of office shall be four years, whose duties shall be prescribed by law, and whose compensation shall be a fixed salary."

That section must be construed in the light of the whole instrument, and especially of those parts having special reference to it, in order to get the purpose, intent and meaning thereof.

Section 267 is as follows: "No person elected or appointed to any office or employment of profit under the laws of this state, or by virtue of any ordinance of any municipality of this state, shall hold such office or employment without personally devoting his time to the performance of the duties thereof."

Section 103, latter clause, provides: "And the legislature shall provide suitable compensation for all officers, and shall define their respective powers."

Section 166 shows conclusively that in those cases in which the intention was not to permit reductions, unequivocal lan-

guage is used.    It reads as follows: '' The judges of the supreme court, of the circuit courts and  the chancellors shall receive for their services a compensation to be fixed by law, which shall not be increased or diminished during their continuance in office.''

Section 46, to the same effect, provides specially that the compensation to legislators '' may be increased or diminished '' after the session.

Section 118 is clear in the expression that the governor's salary, to '' be fixed by law, shall neither be increased nor diminished during his term of office.''

The compensation to the secretary of state ''shall be prescribed by law '' (section 133), while the treasurer's and auditor's ''may be provided by law (section 134), and the salary of the attorney-general '' shall be fixed by law '' (section 173), and so on, showing that ''fixed salary,'' in section 174 under discussion, has no broader significance than to distinguish it from the fee system or from those instances in which a reduction in salary is absolutely prohibited.

Section 96, prohibiting extra compensation or fee to any officer after contract or service, and section 108, stopping the pay when the legislature takes away the duties of the office, are worthy of consideration in arriving at the true spirit that possessed the convention in dealing with the subject of compensation to public officers.

Section 3952 of the code fixes the salary of the district attorney at $2,400, and this complies in exactness with the letter of section 174 of the constitution.    Section 3957 of the same chapter provides a penalty for neglect of duty by making certain reductions from this fixed salary.

Section 1559 provides for pay to the *pro tempore* officer by a deduction from this fixed salary.    Originally the section allowed the excuse of sickness, but the act of 1898, p. 77, took away the excuse altogether, and made the deduction absolute. Thus, sections 78, 103 and 267 of the constitution are given

force along with section 174. The legislative and constitutional history of the subject is shown by the following statutes and constitutional provisions: Dig. Miss. Ter., 1807, pp. 62, 63, 264, 271; Laws 1824 (1824 to 1838), pp. 33, 47; Laws 1833 (1824 to 1838), pp. 430, 431; Hutch. Code, 1848, p. 410, § 5; Rev. Code, 1857, p. 114, art. 72; Code 1871, § 216; Acts 1872, ch. 17, p. 26; Code 1880, §§ 258, 437; Code 1892, §§ 1559, 3957; Acts 1898, ch. 58, p. 77; Const. 1817, art. 5, sec. 14; Const. 1832, art. 4, sec. 25, and art. 7, sec. 12; Const. 1869, art. 6, sec. 25, and art. 12, sec. 10; Const. 1890, secs. 174, 78.

*Frank Johnston*, for appellee.

Section 78 of the constitution is a limitation on the power of the legislature, and restricts its power in making deductions from salaries of officers to cases of neglect of duty. Section 194 of the constitution provides that the compensation of district attorneys shall be a fixed salary. Construing these two sections together, the effect is, that the salaries of the district attorneys are to be fixed and certain, except that the legislature may provide for the deductions from their salaries in cases of official neglect of duty.

In the recent case of *Holder* v. *Sykes*, 77 Miss., 64, the question of the constitutionality of the act of January 31, 1893, under section 174 of the constitution, was involved, and this court held the statute to be in violation of this provision of the constitution. That this is the correct construction of the constitutional provision is very clear.

In the case of *White* v. *State*, 26 So. Rep., 343, decided recently by the supreme court of Alabama, a provision of the Alabama constitution similar to section 174 of our constitution was treated as a limitation on the power of the legislature, and a statute imposing a penalty in all cases of failure of a judge to hold his court, regardless of the cause of such failure, was held to be in violation of the constitutional provision. The Alabama court said: "To neglect is to omit by carelessness or

design. *Guaranty Co.* v. *Gleason*, 53 How. Prac., 127. Neglect means omission or forbearance to do a thing that can be done or that is required to be done. 16 Am. & Eng. Enc. L., 385, and note 2. There must not only be a failure, by carelessness or design, to perform the duty required to be performed, but the party failing must have the capacity to perform the acts required of him as they should be done, provided the incapacity is not superinduced by his fault or the result of his own misconduct.''

The case of *Auditor* v. *Adams*, 13 B. Monroe, decided by the supreme court of Kentucky, is also directly in point. In that case there was a statute, passed in 1851, providing for deductions from official salaries wherever there was a failure by an official to perform his duty, without regard to whether such failure was due to negligence or was unavoidable. Under this statute, a deduction was made from the salary of the appellee, who was one of the state judges. In determining the question of the constitutionality of the statute, two provisions of the Kentucky constitution were brought into view. Section 25 required the salaries of the judges to be fixed by law, to be equal and uniform, and not to be diminished or decreased during their term of office. Section 13 is as follows: ''It shall be the duty of the general assembly to regulate by law in what cases and what deductions from the salaries of public officers shall be made for neglect of duty in their official capacity.'' It appeared in the case that the absence of the judge to hold a term of court was not a neglect of official duty, but was unavoidable. Judge Marshall, in delivering the opinion of the court, placed the decision holding the statute unconstitutional, upon the ground that it violated both those provisions of the constitution. Upon the one for the reason that it diminished the salary and destroyed the uniformity of salaries, and upon the other for the reason that the legislature had no power to make deductions from salaries except for neglect of official duty. The word ''fixed,'' in sec. 174 of our consti-

tution, means certain, immovable, unalterable or unchangeable, as contradistinguished from something that is subject to alteration or reduction.     Nothing can be said to be fixed or certain that is subject to alteration, change or deduction in any contingency.     The word "fixed" must be given some force and meaning in construing this provision of the constitution.     It is meaningless and wholly without any force or operation if the provision is simply construed to mean that the compensation is by way of a salary instead of fees.     *Fant* v. *Gibbs*, 54 Miss., 396; *Burch* v. *Baxter*, 12 Heis. (Tenn.), 601.

Argued orally by *Monroe McClurg*, attorney-general, for appellant, and by *Frank Johnston*, for appellee.

TERRAL, J., delivered the opinion of the court.

Benjamin G. Humphries, district attorney of the fourth judicial circuit court district of the State of Mississippi, failed to attend several terms of the circuit court of his district.     The auditor refused him a warrant for his salary, amounting to $725, during his delinquency, and he filed this petition to obtain a warrant therefor.     It appears that $430 of the amount claimed by the petitioner was deducted from his salary because of his nonattendance at the courts of his district in consequence of his being engaged in the military service of the United States, and $295 was deducted from his salary in consequence of his absence from court by reason of sickness.     The circuit court denied him relief for his salary not earned in consequence of his absence in the military service of the government, but ordered a warrant to be issued to him for $295, the portion of his salary not earned by him in consequence of his own sickness.     The auditor appeals.

Chapter 58, acts 1898, directs a deduction from the salary of the district attorney when he is absent from the circuit court of his district, arising from whatever cause; but it is claimed that this act of the legislature is unconstitutional, and such was

the judgment of the circuit court. Section 174 of the constitution requires the compensation of the district attorney to be a fixed salary. Section 78 of the constitution enjoins it as a duty upon the legislature "to regulate by law the cases in which deductions shall be made from salaries of public officers for neglect of official duty, and the amount of such deduction," and it is contended that a construction of these clauses of the constitution prohibits deductions from salaries, except for neglect of official duty. Undoubtedly, if ch. 58, acts 1898, be in conflict with the constitution, it must give way to that instrument. We see, however, no conflict between the statute and the constitution. Section 78 of the constitution makes it the imperative duty of the legislature to regulate the deductions from the salaries of public officers for neglect of official duty, but there is nothing in that section of the constitution, or in other sections of it, that restricts the legislature from providing for reductions in the salaries of public officers who have failed, from any cause, to perform the duties of their office. The sickness of an officer, and his consequent inability to discharge the duties of his office, is perhaps a mere misfortune, and is not a neglect of official duty; but we see no reason for visiting the loss occasioned thereby upon the state rather than upon the officer himself. As the state must pay the temporary incumbent of the office for the services performed, there appears no good reason to require the state to pay the regular incumbent of the office for services which he has not performed. It is a rule of construction that the judicial branch of the government may not declare an act of the legislative branch of the government void unless it is plainly and clearly in conflict with the constitution. That a statute may be merely unjust or oppressive, impolitic or unwise, is a question for the legislature, and not for the courts, and, unless such statutes are clearly repugnant to the fundamental law, they may not be ignored. Cooley, Const. Lim., ch. 7. The injunction of section 78 of the constitution that the legislature shall provide for reductions of

salaries for neglect of official duty, does not, we think, prohibit a reduction of salaries for other causes. A reduction for neglect of official duty is made imperative, while a reduction for other causes is left to the discretion of the legislature. The argument that the fixed salary of section 174 forbids a reduction for sickness would as well apply to a reduction made for neglect of official duty, and we regard the word "fixed," in that section, as having no more significance than to mark the change from a system of fees and salaries to one for a salary only. We regard ch. 58, acts 1898, as a valid exercise of legislative power.

*The judgment of the circuit court is reversed, and the suit dismissed at the cost of the appellee.*