## BYNUM *v.* KNIGHTON.

1. A plea averring generally that at a stated time the **plaintiff** and defendant had a full and complete settlement of all matters, claims, and accounts pending between them in regard to the subject-matter of the suit is open to special demurrer calling for a more specific statement of the terms of the settlement.
2. The only fees specifically provided by law for a deputy sheriff are those for his attendance upon courts and elections in counties having a population of 24,000 or more. In other cases fees for services rendered by him are those provided for his principal; these fees when earned belong to his principal. A sheriff may contract with his deputy for the discharge of the duties of his trust, either for a specific compensation, or for a reasonable portion of the fees and emoluments of the office.
3. A certified copy of the minutes of the superior court, showing the amounts received by the sheriff from the fine and forfeiture fund, is admissible in evidence in an action by a deputy against the sheriff to recover a portion of the fees of the office under an alleged contract with the sheriff that the deputy's compensation should be a certain percentage of the profits of the office.
4. Where the plaintiff alleges that his contract with the defendant was that he was to receive one half of the entire income from the office of the defendant, and the defendant denied the contract, it was competent for the defendant to adduce evidence to show that by its terms the plaintiff was to have only one half of the net proceeds of the office.
5. The jailor's residence in connection with the jail is provided by the county to enable the jailor to better discharge the duties of his office; and though the sheriff is ex-officio jailor, the use of the jailor's residence is in no sense a part of the income of the office.

DECEMBER 15, 1911.

Complaint. Before Judge Worrill. Randolph superior court. August 6, 1910.

R. *Terry* and *M. C. Edwards,* for plaintiff in error.

*George A. Perry,* contra.

EVANS, P. J.   In his petition the plaintiff alleged: that on January 1, 1903, the defendant, having been duly elected sheriff of Randolph county, qualified as such; that on that day the defendant entered into a contract with the plaintiff, wherein the defendant agreed to appoint the plaintiff deputy sheriff of the county for a period of time indefinite, but terminable by mutual consent of the contracting parties during the term of office of the defendant, and that the plaintiff for services rendered as such deputy sheriff should receive one half of the entire income or revenue received by the defendant as sheriff of the county during the pendency of the contract; that pursuant to this contract the plaintiff qualified as deputy sheriff on January 2, 1903, and continued to serve as such officer under the contract until January, 1908, when by mutual consent the contract was revoked; that during the existence of the contract the sheriff has received from the fine and forfeiture fund of the county certain stated amounts, and has also received certain other revenue and income specifically described, one half of which under the contract was to be paid to the plaintiff; and judgment is prayed for these amounts, less certain stated credits.   The defendant specifically denied the various allegations of the petition; and further pleaded that at certain stated times the plaintiff and the defendant had a full and complete settlement of all matters, claims, and accounts pending between them touching the business of the office of sheriff.   The court sustained a special demurrer to the plea of settlement.   The trial resulted in a verdict for the plaintiff, which the court refused to disturb on motion.   The defendant excepts.

1.   A plea of settlement is in the nature of a plea of accord and satisfaction, and an allegation that the plaintiff accepted and received matter in full satisfaction is a material one.   Either the full terms of the settlement should be alleged, or it should be averred that some property, money, or other matter was accepted as a release, discharge, satisfaction, or extinguishment of the liability sought to be enforced by the action.   The allegation of the plea was general that there had been a settlement; the plaintiff was entitled to a more specific statement; and the court properly sustained his special demurrer asking to be more fully informed as to the nature of the settlement.

2. Over the objection of the defendant the court allowed the plaintiff to testify that the contract between him and the defendant, when he was appointed deputy sheriff, was that the plaintiff was to receive one half of the proceeds of the sheriff's office from all sources. The objection was that the fees of the deputy sheriff were fixed by law and not by contract. The only fees specifically provided by law for a deputy sheriff are those fixed for his attendance upon courts and elections in counties having a population of 24,000 or more. Civil Code (1910), §§ 5998, 5999. In other cases the fees for services rendered by him are those provided for his principal; these fees when earned belong to his principal. A sheriff may lawfully contract with his deputy that his compensation shall be a part of the income of the office. The sheriff's emoluments are from fees for specific services. An agreement to pay a deputy out of the fees and profits of the office is not opposed to the common-law inhibition of farming out or sale of offices. Our statute (Penal Code (1910), § 285), declaring it to be illegal for any officer to sell or farm out his office, is substantially a re-enactment of the old English statute of 5 & 6 Edward VI, c. 16. Under this statute the English courts held that when a principal on appointing a deputy takes an agreement for the payment to the principal of a gross sum which is not to come out of the profits of the office, the contract is void; but where he reserves a part of the fees of the office, which is to come out of the profits, the contract is good, because the whole belongs to him, and he is only reserving a part of his own and giving away the balance to his deputy. *Grant* v. *Mc-Lester,* 8 *Ga.* 553; *Mott* v. *Robins,* 1 Hill, 21 (37 Am. D. 286); *Becker* v. *Ten Eyck,* 6 Paige, 68; *Addington* v. *Sexton,* 17 Wis. 327 (84 Am. D. 745); *Godolphin* v. *Tudor,* 2 Salk. 468.

3. There was no error in receiving a certified copy of the minutes of Randolph superior court, showing the amount of fees received by the sheriff from the fine and forfeiture fund, over objection on the ground that the original order was the best evidence.

4. The defendant offered to show that under the contract the plaintiff was to pay one half of the expenses and was to receive one half of the net proceeds of the office of sheriff, as compensation for his services. The court excluded this testimony, on the ground that the defendant had no pleadings to warrant its admission. We think the court erred in excluding the testimony. The

plaintiff alleged that by the terms of the contract he was to have one half of the entire income of the office; and as the defendant denied that contract in his plea, it was permissible to show that the contract was not as alleged, but that the plaintiff's compensation according to the contract was to be one half of the net profits of the office. If the contract was to share the net profits of the office, then it was a part of the plaintiff's case to show what were the net profits, and this could only be done by deducting the expenses from the gross income. It would not be necessary for the defendant to plead that the compensation was payable only from net income, before offering testimony to this effect.

5. The defendant also offered to show that one of the perquisites of the office was the use of a residence, connected with the jail, provided by the county for the jailor, and that the plaintiff as deputy sheriff occupied such residence and should account for its reasonable value as a residence in arriving at a proper settlement of their contract. The sheriff is, by virtue of his office, the jailor of the county; and it is competent for him to appoint the deputy sheriff to act as jailor. The residence provided by the county for the occupation of the jailor is no more to be regarded as a part of the sheriff's compensation than the use of the sheriff's office in the court-house. These accommodations are furnished by the county to enable the sheriff to more efficiently discharge the duties of his office, and are not official perquisites. The evidence was properly rejected.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*