832

DECIDED SEPTEMBER 17, 1931.

*M. B. Calhoun, A. C. Saffold,* for plaintiff.

*J. Wade Johnson,* for defendant.

LUKE, J. B. S. Beaty brought an action against E. E. Burch, alleging that Burch had injured and damaged him in the sum of $1,000 by arbitrarily refusing to carry out the terms of a contract whereby Burch, who was sheriff of Montgomery County, agreed to make the plaintiff his deputy for a period of four years beginning January 1, 1929, and to pay the plaintiff for services rendered by him as deputy sheriff "two thirds of all costs, fines, forfeitures, and other emoluments of said office, . . in all criminal and civil processes brought to the superior court of said county and terminating therein that were had and made on residents north of the Seaboard Air-Line Railway in said county." In addition to this, the sheriff was to appoint the plaintiff riding-bailiff at every term of said court for said period of four years and allow him the usual pay for services rendered by him in such capacity; was "to deliver to plaintiff for service and execution all . . processes . . pending in said court to be served north of said" railway; was to have the plaintiff serve processes in any part of said county in the absence of the sheriff; and was to make the plaintiff jailer and pay him for his services as jailer "fifty per cent. of all jail fees and net profits from said jail, beginning January 1, 1931," and continuing for the years 1931 and 1932. It was further alleged that the plaintiff gave the necessary bond and entered upon his duties under said contract on January 1, 1929; and that "he performed all the duties devolving upon him under said contract up until May 1, 1930, when the sheriff refused to deliver to petitioner for service or execution any of the . . processes of said county, and . . refused to appoint petitioner riding bailiff, . . and, by so arbitrarily and without good and sufficient cause

refusing to carry out the terms of his said contract, has injured and damaged petitioner in the sum of $1,000."

The defendant demurred to the declaration, on the grounds: 1. It sets out no cause of action. 2. "The contract relied on by plaintiff is against public policy and can not be enforced." 3. "The amount sued for is too vague and indefinite to form the basis of any legal action to put this defendant on notice of what he is required to meet as a defense."

To meet the demurrer the plaintiff offered to amend his petition by alleging: 1. Defendant is indebted to plaintiff in the sum of $433.41 principal, besides interest thereon, for "services rendered by petitioner as deputy sheriff . . under the contract set out in the original petition." 2. "Said sum is made up of the costs collected, fines imposed and collected, and from forfeitures arising in the courts of said county, and is fully shown from an itemized statement thereof which is hereto attached." 3. "All of the items set out in the statement hereto attached are the amounts due petitioner by said defendant for services rendered in the cases mentioned during the time petitioner was actually discharging the duties of deputy sheriff of said county under said contract."

The order of the court giving the plaintiff time to meet the demurrer to the petition recites that plaintiff and defendant agreed that "it is necessary for the plaintiff to prepare and present an amendment to overcome the grounds of demurrer filed by defendant in said case." When said amendment was offered, the defendant interposed his written objection to its allowance, on the ground that it "fails to set up any contract that could be the basis of any action, legal or equitable, and shows on the face of said amendment and the exhibit attached that said plaintiff is relying on the contract after his discharge by the plaintiff . . on May 1, 1930." The trial judge refused to allow the amendment, and his judgment so doing was duly excepted to. The court then sustained the demurrer and dismissed the action, and plaintiff excepted to this judgment.

It was held in *Bynum* v. *Knighton,* 137 *Ga.* 250 (2) (73 S. E. 400, Ann. Cas. 1913A, 903), that "A sheriff may contract with his deputy for the discharge of the duties of his trust, either for a specific compensation, or for a reasonable portion of the fees and emoluments of the office." It may be observed that in that case

the sheriff agreed to appoint the plaintiff deputy sheriff "for a period of time indefinite, but terminable by mutual consent of the contracting parties during the term of office of the defendant." The headnote in the case of *Andrews* v. *Richardson, 32 Ga. App.* 687 (124 S. E. 378), reads: "Although the office of deputy tax-collector of Fulton county is a legal statutory office, filled by appointment made by the tax-collector of Fulton county, and although his compensation may be legally payable under a contract between him and the tax-collector out of the fees and emoluments which the latter receives as compensation for services as tax-collector, such contract, in so far as it restricts the right and power of the tax-collector at any time to discharge the deputy for any reason whatsoever, either with or without cause, hampers and encumbers the tax-collector in performing the public duties of the office, and for that reason is against public policy. Where by the terms of such a contract a deputy is appointed and employed for a certain period of time (as in this case for four years), the deputy can not, although discharged by the tax-collector before the expiration of the term in violation of the contract, recover the value of his unexpired term, under the contract."

The decision in this case hinges upon the correctness of the judgment disallowing the proffered amendment. The amendment was proper in so far as it sought to recover for services rendered under the contract prior to its termination on May 1, 1930, by the discharge of the plaintiff, but was improper in so far as it sought to recover for services rendered after that time. Therefore the judgment disallowing the amendment is reversed upon condition that when the remittitur is made the judgment of the trial court the plaintiff strike from his amendment all items representing services performed by him after the contract had terminated; otherwise, the judgment will stand affirmed.

*Judgment reversed upon condition. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*