CITY OF DUBLIN *et al. v.* PEACOCK.

No. 9894. MARCH 14, 1934. REHEARING DENIED APRIL 12, 1934.

*W. W. Larsen, C..C. Crockett,* and *W. W. Larsen Jr.,* for plaintiff in error.

*T. E. Hightower,* contra.

ATKINSON, J. On January 4, 1932, J. A. Peacock was elected marshal and chief of police by the mayor and council of the City of Dublin, for the years 1932 and 1933. He immediately entered upon the duties of the office, and filed his bonds for the faithful performance thereof, in stated sums, which were duly approved. Prior to the election, and at the same meeting, the mayor and council fixed the salary of marshal and chief of police at $110 per month. On March 20, 1933, the mayor and council passed a resolution which declared: "That all salaries of employees drawing over $50 per month be cut fifteen per cent., beginning March 1st." Peacock instituted an action against the city, the mayor, and the members of the city council, seeking to annul the resolution and enjoin against reduction of his salary. The petition was not projected on the theory that petitioner was not an "employee" and that the ordinance did not apply to him, but on the contrary it was alleged that the resolution reduced "the salary of petitioner fifteen per cent." The alleged ground for annuling the ordinance was that it was "in violation of a solemn contract" between petitioner and the city, in virtue of his election to office and his acceptance and qualification for office. It was further alleged: "That unless this court intervenes in equity, a multiplicity of suits will be the result, in that it will be necessary for your petitioner to bring a separate mandamus proceeding, ordering the mayor and council to issue him his warrant monthly, according to the terms of the original contract." The prayers were: (a) that the resolution passed on March 20, 1933, be declared null and void; (b) that the mayor and council of the City of Dublin be restrained and enjoined from issuing warrants to petitioner for less amount than as contained in his original contract; (c) for general relief.

Defendants interposed a demurrer on the ground that no cause of action is set forth, and that the petition shows that the plaintiff is not entitled to the relief sought. The defendants also filed an answer. The judge overruled the demurrer. The case having been submitted to him on both the law and the facts, he adjudged that the injunction be made permanent, and that the ordinance in question be decreed null and void. The defendants excepted.

Section 25 of an act approved August 15, 1910 (Ga. L. 1910, pp. 618, 633), entitled an act to create a new charter for the City of Dublin, declares, in part: "That the police force of the city shall consist·of a chief of police, marshal, and such other officers and men as the mayor and aldermen may by ordinance prescribe. Their term of office shall be for two years, but they·or any of them may be suspended or discharged by the mayor and aldermen at any time when in their opinion such suspension or discharge becomes necessary for the good of the service or the interests of the city. The compensation of the police force shall be prescribed by ordinance of mayor and aldermen, but no extra pay or allowance, cost, or perquisites shall ever be allowed. . . The police force shall be elected by the mayor and board of aldermen, who shall have power to prescribe all rules and regulations for the general management and discipline of the officers and men." Section 36 declares, in part: "That, in addition to the officers already named, there shall be a . . city marshal, . . and such.other officers or agents of the city as the mayor and aldermen may by ordinance prescribe. These officers shall serve for two years and until their successors are elected and qualified, unless sooner removed for cause, to be judged of by the mayor and aldermen by a two-thirds vote. They shall be elected by the mayor and aldermen by a majority vote of the whole board." Section 39 declares, in part: "That it shall be the duty of the city marshal to levy and collect all executions for taxes or other money due the city. . . He shall give bond in the sum of two thousand dollars for the faithful discharge of his duties; . . provided, that nothing herein contained shall prevent the mayor and aldermen from consolidating and combining the offices of chief of police and city marshal, and electing the same person to fill both offices."

Section 8 of an act approved August 19, 1919 (Ga. L. 1919, pp. 939, 942), amending the above charter, provides in part: "That after January 1, 1922, all minor officers shall be elected at the time that the mayor and four aldermen are sworn in, and to hold said offices and discharge the duties thereof for two years, unless sooner removed by said mayor and aldermen for cause."

In *Johnson* v. *Brooks,* 139 *Ga.* 787, 791 (78 S. E. 37), it was said: "'It has been often held that an officer's right to his compensation does not grow out of a contract between him and the State

or the municipality by which it is payable. The compensation belongs to the office, and is an incident of his office, and he is entitled to it, not by force of any contract, but because the law attaches it to the office.' Throop on Public Officers, § 443." In *Tucker* v. *Shoemaker,* 149 *Ga.* 250, 252 (99 S. E. 865), it was held: "The yearly compensation provided by the act of the General Assembly (Ga. L. Ex. Sess. 1915, p. 85), for the performance of the duties imposed on sheriffs of the several counties of this State, is in the nature of salary, and its payment is therefore not dependent upon the performance by the officers of such duties." It was said in the opinion: "The incumbent of such an office does not hold the same by virtue of any sort of contract, express or implied, with the State or its lawmaking power, which gives him a vested right in the office." See also *Gray* v. *McLendon,* 134 *Ga.* 224 (7) (67 S. E. 859). In 43 C. J. 699, § 1163, it is said: "In the absence of any prohibition or restriction, the compensation of a municipal officer may be changed by the proper authorities, and such change may apply to officers then in office as well as to those thereafter selected." In § 1169 it is said: "In the absence of an express provision of law forbidding it, the compensation of municipal officers may be diminished from time to time during the continuance of their term of office by the authority which fixed it, although a reduction which shows a manifest purpose on the part of the council to abolish the office, which it was not empowered to do, may be reviewed by the courts." In this State there is no such statute preventing city councils generally from diminishing the compensation of municipal officers.

In the instant case the controlling question is whether the plaintiff, in virtue of his election and qualification as marshal and chief of police, had a contract with the City of Dublin to serve in such capacity for the monthly salary provided by the mayor and council at the time of his election. In view of the foregoing authorities there was no such contractual relation. It follows that under the allegations of the petition the plaintiff was not entitled to the relief sought, and that the judge erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*