MacNEILL, treasurer, *v.* BAZEMORE.

No. 14098.   July 15, 1942.   Rehearing denied July 27, 1942.

Ralph H. Pharr, W. S. Northcutt, and E. Harold Sheats, for plaintiff in error.

Samuel L. Eplan, Arnold S. Kaye, and Charles G. Bruce, contra.

GRICE, Justice. ■ In our opinion, the commissioners of roads and revenues of Fulton County, having theretofore set the salary of Bazemore, deputy sheriff, at four hundred dollars per month, had the right thereafter to reduce it. The question involves a construction of the act approved August 13, 1924 (Ga. Laws 1924, pp. 87 et seq.), which changed from the fee to the salary system, in certain counties in Georgia, the clerk, sheriff, ordinary, tax collector and tax-receiver, the act applying to Fulton County. Section 3 thereof declares that the salaries of such officers "shall be fixed" at least thirty days before January 1 of each year, and that "such salaries shall be fixed each year at the time aforesaid, and shall not be changed during said year." It will be noted that section 3 by its terms does not apply to deputy sheriffs. Section 4 reads as follows: "At least ten days before the first day of January in each year (beginning with January, 1925), the officers to whom this act applies shall furnish to the county commissioners (or other county authorities having jurisdiction over revenues and roads in said county as described in section 3) a statement as to the number of assistants or deputies required by each official, together with a recommendation as to the salaries, and shall likewise furnish a statement of the other expenses connected with the administration of each said office, and thereupon the said county commissioners (or other authority having charge of county roads and revenues) shall fix the salaries of such assistants or deputies, and shall set apart for expenses such funds as they may decide to be proper for each officer." Here, it is to be observed, while it is declared that the county commissioners "shall fix" the salary of the deputies, the section is silent as to any inhibition as to change, unless

the words "shall fix" require such a construction. Section 5 declares, that, "after said salaries and expenses are so fixed by the county commissioners (or other authority), it shall be proper and lawful for the treasurer of the county, out of the county funds, on the first day of each month, to pay out the monthly portion of such salaries and expenses to each officer herein named, who shall retain his own salary, and disburse the salaries of assistants and deputies and expenses of the office."

In support of the view that it was illegal to reduce during the year the salary of the deputy sheriff after it had been previously fixed, it is argued that since section 4 of this act makes it the duty of the sheriff to furnish to the commissioners a statement as to the number of deputies required, together with a recommendation as to salaries, and a statement of the other expenses connected with the administration of his office, and that "thereupon" the commissioners shall fix the salaries of the deputies, this language implies that it is necessary to have a fixed amount for the county's budget for a tax guide. To unalterably fix at that time the amount of the salaries of the various deuputies would not enable the county authorities to prepare an unchangeable county budget, for there are many expenses which are not ascertainable in advance; and even if they could be foreseen, the tax rate is determined by the amount of the county's taxable properties, and this can not be known at a period which is at least ten days before the beginning of the year. These statements furnished by the sheriff and other officers before the new year opens might assist the authorities in making an estimate of what the total expenditures of the county for the next year would be, but it is not persuasive of the contention that this portion of the section meant that the salaries of the deputies were thereupon to be fixed for the entire year to follow. If such a meaning is to be ascribed to the lawmakers, resort must be had to other language in the act to find it.

It is further argued that the words "shall fix" in section 4 of the act, which apply to the salaries of the deputies, mean the same thing as "shall establish," in view of the ruling in *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319). This court there had before it the act of 1915 (Ga. Laws 1915, p. 35), which authorized the judges of the superior court of Fulton County to appoint for a term of six years and fix the salary of a judge of the juvenile court.

Section 21 of the act there under consideration provided that "The judge of the superior court of the county shall appoint the judge of said juvenile court for a term of six (6) years, and shall fix the compensation." This court held: "This is a single official act in which all of the constituent elements are to be completed at one and the same time,—at the time of the appointment. The term is for six years, and the compensation is to be fixed for the term at the time of the appointment. When the judge of the superior court 'fixes' the salary for the term, his power of 'fixing' is exhausted for that term of six years." In *Moseley* v. *Garrett,* 182 *Ga.* 810, 816 (187 S. E. 20), referring to *Culberson* v. *Watkins,* supra, it was said: "In that case the judges were exercising a special function authorized by statute, and within the limitations imposed by the law." So here the commissioners were exercising a special function, and it is to be determined whether they exceeded the limitations imposed by law. In construing the statute there involved, the court held that the words, "shall appoint the judge . . for a term of six years, and shall fix the compensation," meant that the compensation was fixed for the term at the time of the appointment. It may be true that the word "fix" as ordinarily used means to place securely, settle, determine, make immovable, unalterable, and that the term imports finality and stability, as was stated in the headnote in that case; but in seeking the legislative intent it is to be determined whether it was so used in the act before us. To say that the word means ordinarily one thing is to imply that it may have a different meaning. For instance, in *City of Dublin* v. *Peacock,* 178 *Ga.* 703 (174 S. E. 248), it was said that a certain salary had been "fixed," and yet the court held that the authorities had the power to reduce it before the expiration of the term of the officer holding the office. In an early Virginia case it was held that the word "fixed," as used in the constitutional provision that the judges shall receive fixed salaries, does not mean unchangeable, but means about the same thing as "at stated times" —the expression used in a similar connection in the United States constitution; that is, that the compensation of the judges should not be made to depend upon fees and other contingent emoluments, but might nevertheless be increased by the legislature when additional duties were imposed. Sharpe *v.* Robertson, 46 Va. (5 Grat.) 518-638. In Mississippi it has been ruled that the word "fixed,"

as used in the constitution of that State, providing that the district attorney shall be paid a fixed salary, is used only in contradistinction to the fee system, and does not render unconstitutional a legislative provision directing a deduction from the salary of that officer when he shall be absent from a term of court. Cole *v.* Humphries, 78 Miss. 163, 28 So. 808, 809. In a New York decision the holding was that the word "fixed," as it relates to the compensation of a teacher, in a law amending Greater New York charter, authorizing each school board to adopt by-laws fixing the salaries of principals, etc., was used in the sense of regulated, pursuant to a continuous discretionary power to reduce salaries to the minimum limit. Buckbee *v.* Board of Education, 115 App. Div. 366 (100 N. Y. Supp. 943, 947). It would be reasonable to suppose that the expression "shall be fixed," which is twice used in relation to salaries in section 3, was intended to signify the same action as "shall fix," which also relates to salaries, in section 4. If we attach thereto the degree of rigidity claimed for it by counsel for defendant in error, to wit, that it imports finality, then why the necessity of following "shall be fixed," in section 3, with the added phrase, "and shall not be changed during said year"? If to once "fix" is to make the amount so stable as to render it unchangeable, the added sentence, "and shall not be changed during said year," would be meaningless. Hence the words last quoted must be construed as adding something to what precedes them. If "shall be fixed" needed the further clause, "and shall not be changed during said year," in order to invest it with finality, then the words "shall be fixed" do not mean the salaries shall be unalterably fixed. If this rendition of the related words in section 3 be sound, then the words "shall fix," in the fourth section, as applied to deputies, must be given a like meaning, and doing so drives us to the conclusion that there is nothing in section 4 which will justify giving it a construction which forbids the commissioners from altering the amount of the salary of the deputy after it has theretofore been determined.

A further and cogent reason for such construction is that before enactment of this statute a deputy sheriff in this State had no fixed tenure, and no certain compensation except for past services, and then only such compensation as may have been agreed upon between him and the sheriff, to be paid privately by the latter.

Code, § 24-2811; *Stephens* v. *State,* 106 *Ga.* 116 (32 S. E. 13);
*Bynum* v. *Knighton,* 137 *Ga.* 250 (73 S. E. 400); *Andrews* v.
*Richardson,* 32 *Ga. App.* 687 (124 S. E. 378); *Glass* v. *Harwell,*
40 *Ga. App.* 400 (149 S. E. 722); *Beaty* v. *Burch,* 43 *Ga. App.*
832 (160 S. E. 654). The controlling purpose of this law was to
place the principal officers of the affected counties on a salary sys-
tem and to transfer their fees to the county treasury. In view of
this background and the language of its provisions, the act can not
reasonably be construed as intending a system of deputies with an
unchangeably fixed yearly salary, such as had not been known be-
fore. *Board of Commissioners of Richmond County* v. *Whittle,*
180 *Ga.* 166 (178 S. E. 534); *Trustees of First Methodist Church*
v. *Atlanta,* 76 *Ga.* 181 (3 *b*).

The county commissioners had the right to readjust the amount
of the salaries theretofore fixed for the deputy sheriffs of Fulton
County. See *Lyon* v. *Morris,* 15 *Ga.* 480, 482; *Dallis* v. *Griffin,*
117 *Ga.* 408, 410 (43 S. E. 758); *City of Dublin* v. *Peacock,* supra;
*Hall County* v. *Quillian,* 32 *Ga. App.* 586 (124 S. E. 143).

■ The court did not err in dismissing on demurrer the re-
spondent's counter-claim wherein she prayed judgment against the
applicant for a stated sum. Without determining whether the
ruling as to this was correct for additional reasons, it is sufficient
to point out that a counter-claim, like a plea of set-off, must be
mutual. Compare Code, §§ 20-1303, 20-1312, 20-1313; 24 R. C.
L. §§ 41, 62. The right of action, if any, against Bazemore for
these overpayments was in the County of Fulton, not the treasurer
in her official capacity.

*Judgment affirmed in part and reversed in part. All the Jus-
tices concur, except Jenkins, J., and Duckworth, J., who dissent
from the ruling in the first division of the decision.*