## 48576. BRUNSON v. BRIDGES.

HALL, Presiding Judge. Wayne Brunson and J. D. Howle, desiring to enter a joint business venture, sought a loan from the National Bank of Georgia, but were told that no loan could be made without the signature of an accommodation endorser of some financial strength. Jesse L. Bridges agreed to sign the note with them and the loan was made, Brunson and Howle signing as

co-makers after Bridges had signed on the back as an endorser. Bridges received none of the note proceeds.

With the proceeds of the note, Brunson and Howle purchased a group of baby chairs, and contributed them to the capital of their subsequently-formed corporation, Key Industries, in exchange for stock. Key Industries subsequently incurred indebtedness of some $18,000 to Professional Bankers Corp., which was a wholly owned subsidiary of Security Finance Corp., of which Bridges was president. When the note went into default through nonpayment of the instalments, the Bank demanded payment of Bridges who paid it and took an assignment of it. The present suit is his claim against Brunson on the note, Howle having obtained a discharge in bankruptcy.

The trial court granted summary judgment to Bridges, and Brunson brings this appeal arguing that there remain material issues of fact to be decided. Specifically, Brunson argues that certain of the baby chairs were picked up by agents of Professional Bankers Corp. including Bridges himself, for resale, and that these baby chairs constituted a valid set-off against all or a portion of the amount owed Bridges on the note. Secondly, Brunson argues that there was a "mistake" in the execution of the note, in that Bridges was not intended to be an accommodation endorser, but a co-maker.

1. On his deposition Brunson stated clearly more than once that the baby chairs did not belong to him at the time they were picked up. Therefore, in urging that the baby chairs should be allowed as a set-off under Code § 20-1303 against the Bridges claim against him individually on the note, Brunson necessarily urges that he should be allowed as set-off against his debt the value of property which was admittedly not his. Because he did not own the chairs, even assuming (though the record contradicts this assumption) that the benefit of them went to plaintiff Bridges individually, Brunson may not claim a debt for the chairs owed by Bridges to *him,* and thus there is not that mutuality of obligation which is required for a valid set-off. Code §§ 20-1302, 20-1303; *Howard v. Eatonton Co-operative Feed Co.,* 226 Ga. 788 (177 SE2d 658); *Fulton Products Corp. v. Bentley,* 115 Ga. App. 92 (153 SE2d 611). See *Wayne County Board of Commissioners v. Reddish,* 220 Ga. 262 (138 SE2d 375); *MacNeill v. Bazemore,* 194 Ga. 406 (21 SE2d 414); *Douglas Planing Mill & Novelty Co. v. Anderson,* 127 Ga. 571 (56 SE 635); *West v. Kendrick,* 46 Ga. 526; *Porter v. Wootten,* 51 Ga. App. 834 (181 SE 866). Nor, in opposition

to Brunson's claim made without supporting authority, do we find that the attempted set-off should be deemed "equitably within this rule," Code § 20-1303, because on this record we cannot conclude that "the rules of law will do injustice . . ." *West v. Kendrick,* 46 Ga. 526, 529, supra, and Brunson's position is entirely dissimilar to the two examples set forth in Code § 20-1303 itself as proper occasions for finding facts "equitably" within the rule. Special circumstances, such as insolvency, see, e. g., *Gormley v. Chance,* 55 Ga. App. 838, 841 (191 SE 701), do not appear here.

The trial court did not err in ruling that no valid set-off appeared.

2. Examination of the record is sufficient to dispel any possibility that there was a genuine "mistake" in the execution of this note. The record is clear that Bridges had already signed the note on the back, in the place customary for endorsers, before it was submitted to Brunson and Howle to sign as makers. Had Brunson found the document contrary to his understanding, his remedy was to refuse to sign it. Instead, he did sign, and with Howle accepted and spent the proceeds of the note. At the time of signing Brunson had been in the finance business since 1961, and was then proprietor of his own collection agency, which facts rule out any convincing claim of "ignorance, surprise, imposition, or misplaced confidence." Code § 37-202. The record shows no mutual mistake, see *Hartford Accident & Indemnity Co. v. Walka Mountain Camp No. 565, Woodmen of the World, Inc.,* 224 Ga. 194 (160 SE2d 833), and fraud by Bridges is not alleged. There was no mistake in the execution of the note. Code § 37-211; *DeLong v. Cobb,* 215 Ga. 500 (111 SE2d 89) overruled on other grounds, *Long v. Walls,* 226 Ga. 737, 742 (177 SE2d 373); *Prince v. Friedman,* 202 Ga. 136 (42 SE2d 434).

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED SEPTEMBER 17, 1973 — DECIDED OCTOBER 26, 1973.

*Matthew J. Blender,* for appellant.
*Lanier & Elliott, E. Ray Lanier, Wayne T. Elliott,* for appellee.