## 53690. HEWATT v. BONNER.

MARSHALL, Judge.

Appellant Hewatt brings this appeal from the grant of summary judgment in favor of the appellee, Bonner. The sole enumeration of error is the alleged improper granting of that motion.

The facts show that Bonner was the Sheriff of DeKalb County and hired Hewatt as chief deputy for a period of four years at a stipulated salary. After approximately 16 months, Bonner terminated Hewatt's employment. Hewatt brought suit, contending that the sheriff made a valid and enforceable oral contract, breached it without proper cause, and thus was liable for the salary for the remainder of the unexpired term of the contract of employment. *Held:*

Code § 24-2811 authorizes sheriffs in their discretion to appoint one or more deputies. However, the tenure and employment of a deputy sheriff is dependent, not only upon the will of the sheriff whose employee he is and who may discharge him when he chooses, but also upon the reelection of the sheriff. Thus, it is impossible for a deputy

sheriff to calculate with any degree of certainty when his employment will terminate. *Drost v. Robinson,* 194 Ga. 703, 711 (22 SE2d 475) (1942); *Employees Retirement System v. Lewis,* 109 Ga. App. 476, 480 (136 SE2d 518) (1964). As a public officer, a sheriff may not be hampered in the administration of his duties to the public by employee contracts. To the extent that such a contract may impede the sheriff's responsibility to the public, the contract is unenforceable by the employee as being against public policy. *Beaty v. Burch,* 43 Ga. App. 832, 834 (160 SE 654) (1931). Lastly, while Hewatt could enforce that portion of the employment contract for which he had rendered service, the balance of the employment contract subsequent to Hewatt's termination was unenforceable, and no right of recovery existed for compensation for the unenforceable portion of the period of employment. *Beaty v. Burch,* 43 Ga. App. 832, supra, p. 834. See *Warren v. Walton,* 231 Ga. 495, 499 (202 SE2d 405) (1973).

The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubt and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173) (1973); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442) (1962). Appellee has met that burden in this case of showing the nonexistence of any genuine issue of material fact. The grant of summary judgment was not error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted April 6, 1977 — Decided May 12, 1977 — Rehearing denied May 31, 1977.

*Herbert T. Jenkins, Jr., Charles R. Hager, III,* for appellant.

*Theodore S. Worozbyt,* for appellee.