## 69304. PARIS v. CITIZENS & SOUTHERN NATIONAL BANK.
(327 SE2d 789)

McMurray, Presiding Judge.

Plaintiff, Citizens and Southern National Bank, brought suit against defendant, Margie Ann Paris, seeking $4,567.60 principal, plus interest and attorney fees, pursuant to a promissory note. Subsequently, plaintiff amended the complaint by adding a second count in which it was alleged that defendant converted to her own use monies that were erroneously deposited to a bank account for which defendant had sole signature authority. The material allegations of the complaint, as amended, were denied by defendant who asserted a defense of setoff and a counterclaim alleging the bank was holding funds on her behalf which it refused to apply to her indebtedness.

Following discovery, plaintiff moved for summary judgment. The trial court granted the plaintiff's motion and defendant appeals. *Held*:

Plaintiff submitted evidence in support of its summary judgment motion demonstrating it was entitled to judgment as a matter of law. Defendant contends the trial court erred in granting summary judgment to plaintiff because a genuine issue of material fact exists concerning the bank's refusal to apply funds held in escrow to defendant's indebtedness. In this regard, defendant points to evidence demonstrating that on September 18, 1969, William L. Paris, defendant's husband, and Richard E. Paris, stockholders of an automobile dealership known as East Point Ford, entered into an escrow agreement with the bank to secure an indebtedness owed to the bank by East Point Ford; that William L. Paris and Richard E. Paris placed funds into the escrow account to secure the dealership's indebtedness; that a portion of the funds in the escrow account were attributable to defendant; that in 1970 East Point Ford filed a petition pursuant to Chapter XI of the Bankruptcy Act; that upon the dismissal of the Chapter XI petition, William L. Paris and Richard E. Paris assigned property and receivables due East Point Ford to the bank in order to pay East Point Ford's indebtedness; that the bank promised to pay the stockholders of East Point Ford any monies which the bank received over and above the dealership's indebtedness; and that certain monies were paid to the bank pursuant to the East Point Ford assignments. Based on these facts, defendant asserts that she should receive credit for any excess monies deposited in the escrow account and that the trial court erred, therefore, in granting summary judgment to plaintiff.

Assuming the continued existence of the escrow account and the

accumulation of sums of money over and above East Point Ford's indebtedness (which the bank denies), the fact remains that defendant was not a party to the escrow agreement. The agreement obligated the bank to pay any overage to William L. Paris and Richard E. Paris, the stockholders of East Point Ford. In her deposition, the defendant admitted that she was not a stockholder of the dealership; that she never worked for East Point Ford; and that, essentially, she had nothing to do with East Point Ford. Accordingly, defendant cannot claim that she is entitled to receive a credit for any possible overage in the escrow account. See *Brunson v. Bridges*, 130 Ga. App. 102, 103 (1) (202 SE2d 553).

The trial court did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1985.

*Arthur P. Tranakos, Ray H. Ledford*, for appellant.
*S. Richard Rubin, Michelle J. Bardavid*, for appellee.