S99A1429. CLARK v. HEAD.
(526 SE2d 859)
</div>

BENHAM, Chief Justice.

Seeking to enforce a contract he entered into with the Office of the District Attorney of the Cobb Judicial Circuit, Clark filed an action for injunction and for specific performance, which he amended to include a petition for a writ of mandamus. The contract provided that from October 1, 1998, through September 30, 1999, Clark would receive compensation at an hourly rate to provide legal representation to the Child Support Recovery Unit of the District Attorney's Office. The contract was coterminous with a contract between the District Attorney's Office and the Department of Human Resources pursuant to which the District Attorney's Office was to engage in the collection of child support in Cobb County. When the contract went into effect, October 1, 1998, Ben F. Smith was serving as the District Attorney for the Cobb Judicial Circuit, but had already been defeated in a special primary election. On November 11, 1998, six days after being sworn in as district attorney, Head notified Clark that his service with the District Attorney's Office was terminated.

After a hearing on Clark's petition, the trial court entered an order holding that Clark was employed as an assistant district attorney serving at the pleasure of the district attorney, that Head had a statutory right to terminate that employment, and that the contract was void as against public policy and, therefore, unenforceable against Head. The order denied specific performance of the contract, but required that Head pay Clark for his services from October 1, 1998, through November 10, 1998.

1. In its conclusion of law that Clark was employed as an assistant district attorney, the trial court correctly cited OCGA § 15-18-14

for the proposition that a district attorney is authorized to employ an assistant district attorney to assist with child support recovery. Clark's only argument on appeal regarding that conclusion is that he was not employed pursuant to that section, but was employed as an independent contractor pursuant to OCGA § 15-18-20 (a), which provides as follows:

> The district attorney in each judicial circuit may employ such additional assistant district attorneys, . . . or other attorneys, . . . or independent contractors as may be provided for by local law or as may be authorized by the governing authority of the county or counties comprising the judicial circuit.

That section includes a requirement that Clark did not prove at trial that his employment was "provided for by local law or . . . authorized by the governing authority of the county or counties comprising the judicial circuit." Id. To the contrary, the record contains a certified copy of the section of the Official Code of Cobb County, Georgia, pertaining to the employment of attorneys by the district attorney. The pertinent code sections do not provide for an attorney to be hired as an independent contractor and specifically provide, as does OCGA § 15-18-21 (b), that all assistant district attorneys serve at the pleasure of the district attorney. We must conclude, therefore, that the trial court was correct in holding that Clark was hired as an assistant district attorney serving at the pleasure of the district attorney.

2. Regarding the validity of the employment contract and Clark's right to compensation under the contract for the period of time from its effective date to the date of the termination of Clark's employment, the trial court cited *Hewatt v. Bonner*, 142 Ga. App. 442 (236 SE2d 111) (1977), where the Court of Appeals held that a sheriff cannot be bound by a contract of employment with a deputy providing for a specific term of employment. Clark contends that case is inapplicable because, unlike the situation there, there is specific legislative authority for the contract involved here. However, the record does not support that assertion. As noted above, the statutory provisions relating to the authority of district attorneys to employ attorneys do not provide for employment of attorneys pursuant to contracts such as that involved here without local government authorization, which has not been shown, and the local ordinances pertaining specifically to the Cobb County District Attorney provide only for assistant district attorneys serving at the pleasure of the district attorney. Contrary to Clark's argument, the applicable law is that stated in *Hewatt*, supra at 443:

[A] public officer . . . may not be hampered in the administration of . . . duties to the public by employee contracts. To the extent that such a contract may impede the [officer's] responsibility to the public, the contract is unenforceable by the employee as being against public policy. [Cit.] [W]hile [the employee] could enforce that portion of the employment contract for which he had rendered service, the balance of the employment contract subsequent to [the employee's] termination was unenforceable, and no right of recovery existed for compensation for the unenforceable portion of the period of employment. [Cits.]

3. Clark's argument that his contract must be considered valid because he has operated under similar contracts for 20 years is controlled adversely to him by *Simmons v. City of Clarkesville*, 234 Ga. 530, 531 (216 SE2d 826) (1975), which held that the fact that one had operated under a governmental contract for a period of years would not change the fact that the contract was unenforceable. Clark's argument that his performance for several days under the contract amounted to a ratification thereof is similarly unavailing since a contract which is void because it is made without authority cannot be ratified. *Brown v. City of East Point*, 246 Ga. 144 (268 SE2d 912) (1980).

4. Finally, Clark asserts that the enforceability of his contract is a matter preempted by federal law because his contract was incorporated into a contract between the Georgia Department of Human Resources and the Office of the District Attorney of Cobb County pursuant to which the district attorney was to assist in enforcement of federal laws relating to child support recovery. Pretermitting any question of the extent to which federal law preempts state law in this area, Clark's argument is without merit for the simple reason that its factual predicate, the incorporation of his contract into that between the Department of Human Resources and the district attorney, is not supported by the record. The contract between the Department of Human Resources and the district attorney makes no reference to Clark's contract and does not require the district attorney to contract with anyone to perform the duties required of the district attorney under the contract, and Clark's contract contains no reference to the contract between the district attorney and the Department of Human Resources.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000.

*J. Michael Treadaway,* for appellant.
*Jerry L. Gentry, Christine C. Daniel*, for appellee.