*J. A. Hixon, Gilbert C. Robinson,* contra.

---

### 15158. ANDREWS *v.* RICHARDSON.

Although the office of deputy tax-collector of Fulton county is a legal statutory office, filled by appointment made by the tax-collector of Fulton county, and although his compensation may be legally payable under a contract between him and the tax-collector out of the fees and emoluments which the latter receives as compensation for services as tax-collector, such contract, in so far as it restricts the right and power of the tax-collector at any time to discharge the deputy for any reason whatsoever, either with or without cause, hampers and encumbers the tax-collector in performing the public duties of the office, and for that reason is against public policy. Where by the terms of such a contract a deputy is appointed and employed for a certain period of time (as in this case for four years), the deputy cannot, although discharged by the tax-collector before the expiration of the term in

violation of the contract, recover the value of his unexpired term, under the contract.

DECIDED SEPTEMBER 19, 1924.

Action for breach of contract; from Fulton superior court—Judge Ellis. September 25, 1923.

*Key, McClelland & McClelland, Little, Powell, Smith & Goldstein,* for plaintiff.

*Hewlett & Dennis,* for defendant.

STEPHENS, J. Andrews sued Richardson for an alleged breach of a contract, the plaintiff alleging that Richardson, as tax-collector of Fulton county, employed Andrews as a deputy tax-collector under Richardson for a term of four years, and that Richardson, by discharging Andrews after the expiration of one year and before the expiration of the term to which Andrews had been appointed, breached the contract, to the damage of Andrews in the sum of $22,500, which sum represented Andrews' salary under the contract for the remaining three years at $10,000 per year, less $7,500 actually earned by Andrews during that period. Richardson in his plea denied generally all the allegations in the petition.

Upon the trial Andrews testified, in substance and so far as is material, that in the year 1920 he was a candidate before the people for the office of tax-collector of Fulton county, and that Richardson was a candidate for the same office; that during the progress of the campaign and before the election it was agreed between him and Richardson that Andrews was to "run" as a deputy upon Richardson's "ticket," and in the event of Richardson's election to the office Andrews was to be a deputy tax-collector in the office, serving under Richardson during Richardson's term of office of four years, at a salary of $7,500 for the first year and $10,000 per year for the remaining three years of the term; that Richardson was elected and took office on January 1, 1921, thereafter; that Andrews worked in the office for one year, until December 31, 1921, when Richardson discharged him, assigning as a reason that Andrews' services were "not satisfactory;" that Andrews was paid by Richardson only $7,500, as contracted to be paid for his services for the first year. Andrews further testified that after Richardson's installation in office Richardson reiterated the alleged pre-election promise of employment of Andrews for

a term of four years, upon all of its terms, and that Andrews agreed thereto. A nonsuit was awarded, and Andrews excepts thereto.

The alleged contract under which Andrews was employed, as testified to by him, whether arising out of the pre-election agreement or the agreement made after Richardson's installation in office, meets all the requirements of a contract, save in so far as it may be invalid as against public policy. It clearly appears from the testimony as adduced by Andrews that his discharge by Richardson was unjustified and amounted to a breach of the contract by Richardson. The nonsuit can therefore be sustained only upon the theory that the contract when entered into was void as against public policy.

The attorneys for the defendant in error contend that the alleged contract upon which Andrews predicates his cause of action is void as against public policy. We quote from their brief as follows: "We cannot get away from the proposition that the defendant in error agreed to pay the plaintiff in error to retire from the race for tax-collector; to join him on his ticket as a deputy; to use his political influence; to solicit votes for him; to vote for him, and, in the event of his election, the defendant in error agreed to pay $37,500 for the plaintiff in error. Can it be said for one moment that this agreement was not against public policy and void, for the reasons: (1) that it was for the sale of a public office; (2) that it was for the sale of a vote; (3) that it was for the sale of political influence; (4) that it had as an object the influencing of an election to public office; (5) that it restricted a public officer in the discretion vested in him, in the selection of his appointees, and in their discharge for incompetency."

Andrews testified that it was no part of the pre-election arrangement between him and Richardson that Andrews should withdraw from the race for tax-collector, nor does it appear that it was agreed between Andrews and Richardson that Andrews was to give his political support to Richardson. Andrews, however, did withdraw from the race and did vote for Richardson, and did exert his influence in Richardson's behalf, and Richardson in his public advertisements stated that Andrews was running as a deputy on Richardson's "ticket."

While it was, no doubt, within the contemplation of the parties that Andrews should retire from the race and not oppose Richard-

son, who was a candidate for the same office, and give his support to Richardson, we will nevertheless treat the agreement made as if it was uncontaminated with any such considerations, and as if Andrews had not been a candidate for the office and had not solicited votes for Richardson, and had done no more than agree with Richardson before the election to serve as a deputy for four years in Richardson's office in the event of Richardson's election. It is therefore not necessary here to pass upon the validity of the prevailing system whereby candidates for public office make pre-election promises of appointment to subsidiary positions under them, in the event of their election, to popular and influential people, oftentimes made without reference to their fitness, in consideration of the political strength and influence which inures to the candidates from the publication of the names of such promised appointees and the active solicitation of votes by them and their friends. As respects such contracts, see the following authorities: Penal Code (1910), § 665; *Exchange National Bank* v. *Henderson,* 139 *Ga.* 260 (77 S. E. 36, 51 L. R. A. (N. S.) 549); *Liness* v. *Hesing,* 44 Ill. 113 (92 Am. D. 153); *Nichols* v. *Mudgett,* 32 Vt. 546; *Robinson* v. *Kalbfleisch,* 5 T. & C. (N. Y.) 212.

The sole question for our determination, then, is whether an executory contract by the terms of which one who is, or is about to become, a public official, employs or appoints another for a definite period of time to perform public services under the direction of the employer and for a compensation to be paid by the employer, is invalid, as against public policy. Whether the compensation is to be paid by the employer out of the emoluments accruing to him from the office, or is a rigid and unconditional obligation against him, it is unnecessary to consider. It can safely be assumed, however, that under the alleged contract between Andrews and Richardson, it was contemplated that Andrews was to be paid by Richardson out of Richardson's fees and revenues accruing to him by virtue of the office, the office being upon the "fee system."

In *Bynum* v. *Knighton,* 137 *Ga.* 250 (73 S. E. 400, Ann. Cas. 1913A, 903), where the Supreme Court held that "a sheriff may contract with his deputy for the discharge of the duties of his trust either for a specific compensation or for a reasonable portion of the fees and emoluments of the office," the contract between the sheriff and the deputy was to the effect that the deputy should

receive for his services as deputy one half of the entire income or revenue received by the sheriff from the office during the pendency of the contract, and was executed after the sheriff had been elected. Instead of the appointment of the deputy under that contract being for a definite period of time, as in the alleged contract between Andrews and Richardson, it was made for an indefinite period, and was terminable at will by mutual consent of the contracting parties. The deputy sued for and recovered fees already earned by him for services already rendered under the contract. That case is manifestly no authority in support of the validity of an executory contract of appointment of a deputy by a public officer for a definite period of time, or as establishing the right of such deputy to recover for services unperformed by him under the contract, predicated upon the deputy's discharge before the expiration of the term.

Andrews was appointed by Richardson to perform the duties of a public office. He was not appointed to perform private services for Richardson. Richardson, in making the appointment, irrespective of any previous contract between them, was necessarily acting as a trustee for the public. The contract, therefore, must be construed with due regard to the public interest, and in so doing it must not be given a construction that would hamper Richardson as tax-collector in performing his duties to the State and the county whose servant he was. It is also immaterial in this connection whether Andrews' position as deputy tax-collector was an office established and recognized by law, or was a private creation of the tax-collector, Richardson. Andrews was nevertheless performing public duties and was to all intents and purposes a public official.

It is well settled that any contract made by a public official which would hamper or restrict him in the due performance of his public duties is necessarily against public policy. The contract between Richardson and Andrews, in so far as it obligates Richardson to retain Andrews in office for a definite period of time or beyond the time when Richardson should see fit to dispense with his services, necessarily would hamper Richardson in the performance of his public duties. It is conceivable that the retention of Andrews in office, although he is properly performing the duties of deputy tax-collector and has not otherwise violated

the contract, might hamper the efficiency of the entire office force and prevent Richardson from properly and efficiently performing the duties of the office. The contract sued upon, therefore, is void as against public policy. 2 Elliott on Contracts, § 711; Connor *v.* Canter, 15 Ind. App. 690 (44 N. E. 656); Hager *v.* Catlin, 18 Hun, 448; Baskett *v.* Moss, 115 N. C. 448 (20 S. E. 733, 48 L. R. A. 842, 44 Am. St. R. 463); Civil Code (1910), § 4253.

The position of Andrews is not strengthened by the fact that the office of deputy tax-collector to which he was appointed is authorized by law. Civil Code (1910), § 1227. It is there provided that "Tax-collectors in counties under the provisions of this Article shall have power to appoint one or more deputies, who shall be vested with the same powers as to levy and collections as are vested in the tax-collectors; the said tax-collectors shall be responsible for the acts of said deputies, and their compensation shall be paid by said tax-collectors." While his position as deputy tax-collector is a legal office under the statute, and Richardson is by the statute given the right to make the appointment, the statute fixes no term. In the absence of any statutory regulation as to removal, the right to remove necessarily rests with the appointive power. Unumquodque eodem modo quo colligatum est dissolvitur. Broom's Legal Maxims, 856. No term being fixed and Richardson having the right to remove, this right can be legally exercised by Richardson at any time and upon any ground. Tiedeman on Municipal Corporations, 126, § 83. Andrews therefore was not illegally discharged. Any contract made by Richardson, whether privately in his individual capacity or as tax-collector and as a public official, restricting the exercise by him of this public right vested in him to remove any of his deputies, is necessarily against public policy.

We recognize the rule that a public official who has been illegally removed from office may recover the future accruing salary of the office for the period which he would have served but for the removal. *Burney* v. *Mayor &c. of Boston,* 24 *Ga. App.* 7 (100 S. E. 28), and cases there cited. 2 McQuillin on Municipal Corporations, 1128; Tiedeman on Municipal Corporations, 130, § 85. The decisions so holding are sustainable upon the theory that the officer, although discharged, is still de jure in office and is legally entitled

to the term until legally removed. In the present case Andrews was not illegally discharged.

It is also well settled that no public official has any proprietary or vested right in his office. *Gray* v. *McLendon*, 134 *Ga.* 224 (67 S. E. 859) ; *Hall County* v. *Quillian*, 32 *Ga. App.* 586 (124 S. E. 143). Therefore, when ousted before the expiration of his term, he has no right which he can legally enforce to the profits of the office which would have accrued to him for future services unperformed. Andrews, although a deputy employed by Richardson, was to all intents and purposes a public official, and therefore had no proprietary or vested right to his office as deputy tax-collector, and although he may have been discharged without cause, he has no legal claim against Richardson for the value of his unexpired term under the contract.

The nonsuit, therefore, was properly awarded. In arriving at this conclusion we are not unmindful of the fact that the evidence of Andrews, construing it as we have done, sustains his petition and thereby proves his case as laid; but since this is not a ground of his attack upon the award of a nonsuit, but he has planted his contention solely upon the alleged validity of the contract of employment as testified to by him, stripped of all facts that would render it illegal as against public policy by reason of any agreement upon his part to withdraw from the race for tax-collector or to give his political support to Richardson, should we reverse the award of a nonsuit upon the ground that the evidence proves the case as laid, Andrews would win a Pyrrhic victory, and upon a new trial, since nothing by way of evidence could be added to validate his contract, his entire case would, on motion in the nature of a general demurrer, be dismissed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*