## 35983, 35984. DERISO et al. v. COOPER et al.; and vice versa.

NICHOLS, Justice.

The appeal and cross appeal present the question of whether or not a county board of education may have unofficial meetings or meetings closed to the public to discuss and decide questions that fall within the enumerated exceptions to the "Sunshine Law." Code Ann. §§ 40-3302, 40-3303.

Cooper et al., patrons of the Sumter County schools, contend, in essence, that Deriso et al., members of the Sumter County Board of Education, are required by Article VIII, Section V, Paragraph III of the Constitution of Georgia of 1976 (Code Ann. § 2-5303) to keep *all* meetings of the school board open to the public at *all* times, regardless of the subject matter under consideration. That section of our constitution provides: "All official meetings of County or Area Boards of Education shall be open to the public." The school board members contend that the word "official" should be given

effect rather than ignored; that the "Sunshine Law," Code Ann. §§ 40-3302, 40-3303, squares with, rather than violates, the quoted constitutional provision by specifically exempting certain enumerated investigative activities, deliberations, discussions, considerations and hearings, including consultations with legal counsel, from the requirement that "All meetings . . . at which official actions are to be taken . . . shall be open to the public at all times." Code Ann. § 40-3301. The school board members also contend that Code Ann. § 23-802 is consistent with the county board of education open meetings provision of our constitution in permitting private executive sessions before or after public meetings provided that the ayes and nays of any votes taken during any executive session shall have been recorded at the conclusion of the executive session.

Certainly it is more than mere coincidence that the word "official" appears in both our constitution and the "Sunshine Law." The foregoing sections of our constitution and laws can be harmonized. *Botts v. Southeastern Pipe-Line Co.,* 190 Ga. 689, 701 (10 SE2d 375) (1940). They authorize at least the following, which is dispositive of all issues in the appeal and cross appeal: The Sumter County Board of Education may meet in private (closed to the public) executive or unofficial session either before or after official meetings that are open to the public. At such private sessions, any of the subject matters enumerated in the "Sunshine Law" as exceptions to the public meetings requirements may be discussed, deliberated, considered and heard. No vote need be taken during these private sessions but if *any* vote is taken, the aye and nay votes of each board member shall be recorded at the conclusion of the executive session and shall become a part of the official minutes or records of the board that are open to public inspection pursuant to Code Ann. § 40-3301(b). The board's procedure of utilizing paper ballots instead of oral responses to determine the votes does not violate Code Ann. § 40-3301(b) when the results immediately are announced, thereafter promptly are recorded in the board's minutes and are open to public inspection. Our Constitution states that in the event of a vacancy such as in this case on a county board of

education, "the remaining members of such county board of education *shall* by secret ballot elect his successor." Code Ann. § 2-5302.

*Judgment reversed in Case No. 35983; Judgment affirmed in Case No. 35984. All the Justices concur, except Hill, J., who concurs specially, and Jordan, P. J., who dissents. Undercofler, C. J., disqualified.*

ARGUED MARCH 10, 1980 — DECIDED APRIL 29, 1980 — REHEARING DENIED MAY 20, 1980.

*Crisp, Oxford & Gatewood, Henry L. Crisp,* for appellants.

*L. Lyn O'Berry, Jonathan Zimring,* for appellees.

HILL, Justice, concurring specially.

Plaintiffs, as citizens and taxpayers, brought an action for mandamus against the members of the Sumter County School Board and its superintendent to enforce that provision of our Constitution which states that "All official meetings of County or Area Boards of Education shall be open to the public." Art. VIII, Sec. V, Par. III (Code Ann. § 2-5303). The Constitution also provides that when members of a board of education elect an interim member to fill a vacancy caused by death or resignation, such election "shall [be] by secret ballot." Art. VIII, Sec. V, Par. II (Code Ann. § 2-5302 (a)). Therefore, so much of the trial court's order as prohibits the use of secret ballots in such elections must be reversed (Case No. 35983).

Code section 23-802 provides with respect to school boards that all meetings of the governing bodies of all boards of public instruction shall be public meetings except that before or after such meeting such bodies may hold executive sessions privately, provided that the ayes and nays of any balloting shall be recorded at the conclusion of the executive session.

The "sunshine law", Code Ann. § 40-3301 et seq., provides with respect to boards of education that all meetings at which official actions are to be taken are to be public meetings, except that discussion of certain matters (e.g., real estate acquisitions, employment and disci-

plinary matters) are excluded from the law.

The majority say that Code § 23-802, supra, can be harmonized with the "sunshine law" by permitting in executive session discussion and consideration only of those matters excepted from the "sunshine law." To me, it would be clearer simply to say that the "sunshine law" repealed and replaced Code § 23-802. However, as the majority arrive at virtually this same result by harmonization, I concur in the result reached, except as set forth below. This leaves the constitutional provision for consideration.

That provision (Code Ann. § 2-5303, supra) applies to official meetings. It does not apply to unofficial meetings. Rather than "harmonize" the Constitution with the "sunshine law", I would look only to the constitutional provision, would distinguish between official and unofficial meetings and would find that meetings to "discuss" the acquisition of real estate (as opposed to the *vote* thereon) and to "discuss" the appointment, employment, disciplinary action or dismissal of a public officer or employee (as opposed to the *vote* thereon) are not official meetings within the meaning of the Constitution, the official meeting on these topics being the meeting at which the vote is taken, which vote must be conducted in the public meeting. (See subparagraph (b) of Code Ann. § 40-3302 which excluded the *voting* of the Pardon and Parole Board from the "sunshine law.") By distinguishing between official meetings and unofficial discussion, we avoid the appearance that we are "harmonizing" the Constitution with a law. Thus, although I concur in the judgment of the court, I am unable to agree to the rationale utilized by the majority.

On the other hand, I am unable to agree with the statement of the majority that the vote on these topics (real estate and personnel) may be taken in private session.

JORDAN, Presiding Justice, dissenting.

The attempted rationalization in the majority opinion between the Constitution and the statutes is appalling.

The Constitution clearly mandates that all official

meetings of a county school board shall be open to the public (Art. VIII, Sec. V, Par. III. (Code § 2-5303)). The constitutional authority is the supreme law of Georgia and cannot be abrogated or mutilated by any statutory enactment. Any attempt by the Legislature to carve out exceptions to this constitutional mandate relating to school board meetings is void and irrelevant. As was so aptly stated by then Chief Justice Nichols in his dissent in *Crim v. McWhorter,* 242 Ga. 863 (252 SE2d 421) (1978) at p. 870: "Acts of the General Assembly are instructive in reaching our decision and are entitled to great weight. However, the General Assembly cannot by its enactments deprive the citizens of rights either granted or protected by the Constitution."

This paragraph of the Constitution says what it means and means what it says. In my opinion there is no such thing as an "unofficial" meeting of a county school board if *any* business pertaining to the operation of the public schools of a county is transacted. In that event the meeting is an official meeting and interested citizens must be allowed to attend. When this paragraph of the Constitution was proposed and adopted into the 1945 Constitution a portion of the discussion was as follows:

"Mr. Majors. I am endeavoring in some manner to get the people in on this thing somewhere. So far the people have never been considered in on it, and I want the people in on it. Chairman Arnall. The Commission agrees with the gentleman, they ought to be. The only issue was whether it should be in the Constitution or by statute." Records of the Constitutional Commission, 1943-44, Vol. II, p. 88.

The majority refers to the constitutional provision for members of the board filling a vacancy by "secret" ballot. This requirement is not inconsistent with a public meeting since a secret ballot, i.e., written ballot, can be taken in an open meeting as well as a closed meeting.

The trial court stated in its order that "There is no argument but that official meetings of county boards of education must be open to the public. . . It is equally clear that any meeting at which members of the Sumter County Board assembles to discuss the business of the school system would constitute an official meeting."

How could anyone faced with the substantive law of of this state reach a different conclusion?

I respectfully dissent.

## ON MOTION FOR REHEARING.

The school patrons insist in their motion for rehearing that *this court* has erred by permitting the school board to exclude the general public from those segments of school board meetings during which the sole topics under consideration are (1) the future acquisition of real estate, or (2) the appointment, employment, disciplinary action or dismissal of a public officer or employee, or (3) matters within the boards's attorney-client privilege as recognized by Georgia Law.

The General Assembly by enactment of the "Sunshine Law" explicitly has allowed the school board to discuss those topics in private session (Code Ann. §§ 40-3302, 40-3303) and even has allowed the board to vote on those topics during private, executive sessions if the aye and nay votes of each board member are recorded at the conclusion of the private session (Code Ann. § 23-802) and if those votes become a part of the official minutes or records of the board that are open to public inspection. Code Ann. § 40-3301 (b). The school board correctly points out that its private sessions have been in accordance with those legislative enactments.

The issue presented to the trial court and to this court by the school patrons was whether or not the command of Article VIII, Section V, Paragraph III of the Constitution of Georgia of 1976 (Code Ann. § 2-5303) that "All official meetings of County or Area Boards of Education shall be open to the public" shall be construed to mean that *all meetings* of such boards must be open to the public. The school patrons say that "All official meetings" mean "all meetings." (They concede that purely social gatherings attended by board members are not "official meetings.") Their argument regarding the meaning of the phrase "All official meetings" is not validated by the proceedings of the Constitutional Commission of 1944. Records of Constitutional Commission, 1943-44, Vol II, p. 88. The Constitution as ratified by the people reads, "All official meetings", thereby recognizing by implication the

existence of a category of board meeting that is other than official (unofficial) and not open to the general public. The Acts of the General Assembly upon which the school board has relied for its right to close to the public *some but not all* of its deliberations are consistent with this concept of private unofficial meetings. Code Ann. §§ 40-3302, 40-3303, and 23-802.

If this state of the law is perceived by the school patrons as being unjust, their proper recourse is to their elected representatives in the General Assembly with suggested revisions to our Constitution and laws.

*Motion for rehearing denied. All the Justices concur, except Jordan, P. J., and Hill, J., who dissent. Undercofler, C. J., disqualified.*