A93A0727. BRENNAN v. CHATHAM COUNTY
COMMISSIONERS et al.
(433 SE2d 597)

JOHNSON, Judge.

Edward T. Brennan was appointed county attorney for Chatham County by the Chatham County Board of Commissioners on July 13, 1989. On September 1, 1989, the parties executed an agreement setting the level of compensation to be paid for one year. On September 28, 1990, a second agreement was signed, ratifying the first agreement and setting the level of compensation at a rate of $78,000 per year, payable in monthly installments of $6,500. By its terms the agreement was to remain in effect until December 31, 1992. On May 15, 1991, the county commissioners, meeting in executive session, voted to dismiss Brennan from the position of county attorney. This action was affirmed at a May 24, 1991 meeting of the full board of commissioners. After he was discharged, Brennan provided additional legal services to the county during June 1991 and was paid $5,264. In August he submitted a supplemental bill for $1,235 which the county did not pay. Brennan filed suit for that amount in magistrate court. After a trial, the magistrate court awarded Brennan the fees, finding that even though he had been legally removed from office, he was still entitled to be paid for work done on behalf of the county. The county appealed to the superior court. In Brennan's second amended complaint, he asserted a claim for $118,280 allegedly due pursuant to the agreement with the county. Cross-motions for summary judgment were filed, the county's motion was granted and Brennan's was denied. Brennan appeals.

1. Brennan argues that the trial court erred in holding that the action taken in executive session by the county commissioners removing Brennan from office was effective because the commissioners violated the Open Meetings Law. OCGA § 50-14-1 et seq. The Open Meetings Act is not applicable when the dismissal of a public officer is under consideration. OCGA § 50-14-3 (6) provides that "[T]his chapter shall not apply to . . . [m]eetings when discussing or deliberating upon the appointment, employment, hiring, disciplinary action or dismissal, or performance of a public officer or employee." We note that an amendment to that section now requires that any *vote* affecting any of the issues contained in § 50-14-3 (6) be taken in public and minutes of the meeting made available. This amendment, which became effective April 6, 1992, was not in effect at the times relevant to this litigation. Accordingly, the vote taken on May 15, 1991 was proper.

Section 19 of the Chatham County Enabling Act (Ga. L. 1984, p. 5050 et seq.) provides that the county attorney may be removed at any time by a two-thirds vote of the total membership of the board of commissioners. Id. at 5068. The record reveals that the requisite percentage voted in favor of Brennan's removal.

2. In his second enumeration of error, Brennan asserts that the trial court erred in finding that the contract between Brennan and the county was void as against public policy.

Brennan argues that OCGA § 36-60-13, which authorizes counties to contract for "necessary services, outside professionals and business entities" should control, rather than the Chatham County Enabling Act. OCGA § 36-60-13, however, applies to "multiyear lease, purchase, or lease purchase contracts" and is inapplicable to the provision of legal services. Section 20 of the Enabling Act authorizes the board to fix the compensation of the county attorney but it does not authorize the board to appoint an attorney for a fixed term. The contract was void as against public policy in that both under the Enabling Act and the law generally, a county attorney is an appointed public official who serves at the pleasure of the governing body. *Madden v. Bellew*, 260 Ga. 530, 531 (2) (397 SE2d 687) (1990). Incident to the power to appoint is the power to discharge. *Bailey v. Dobbs*, 227 Ga. 838, 839 (1) (183 SE2d 461) (1971).

We believe that the trial court correctly applied the law as construed by this court in *Andrews v. Richardson*, 32 Ga. App. 687 (124 SE 378) (1924). In *Andrews*, Fulton County appointed Andrews for a term of four years as a deputy tax collector. He was fired after one year and sued for the remainder due over the next three years. This court held that the contract was void. Brennan argues that the *Andrews* case, supra, is antiquated and overlooks modern realities, such as the need to hire additional staff in contemplation of performance

of the agreement, and therefore the county should be estopped from now claiming that the contract is void. We disagree. A governmental body cannot be estopped from denying the validity of a void agreement. "The mere fact that the city may have operated under some form of agreement with appellant for a period of time does not change the result." (I.e., that the contract was unenforceable.) (Citation omitted.) *Simmons v. City of Clarkesville*, 234 Ga. 530, 531 (216 SE2d 826) (1975). As county attorney at the time he drafted the contract, Brennan knew or should have known that it was unenforceable. The trial court correctly granted summary judgment to the defendants.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993.

*Duffy & Feemster, Dwight T. Feemster, Jo Beth Gosdeck*, for appellant.

*Chamlee, Dubus & Sipple, George H. Chamlee, Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr.*, for appellees.