## A03A1614. ASHE v. CLAYTON COUNTY COMMUNITY SERVICE BOARD.
(586 SE2d 683)

ELDRIDGE, Judge.

David Ashe, plaintiff, sued Clayton County Community Service Board for breach of his one-year written employment contract as executive director when his employment was terminated after only seven months. The Community Service Board answered and filed its

---

motion for summary judgment on the grounds that Ashe was an officer and not an employee so that the contract was void as a matter of public policy. The trial court found as a matter of law that the executive director of a community service board was an officer rather than an employee so that the employment contract was void as against public policy for a contract with an officer. Finding that the executive director of a community service board is an employee rather than an officer under OCGA § 45-20-2 (2) and (7), we reverse.

On November 16, 1983, the State of Georgia hired Ashe to serve as director of the state-operated Clayton Community Service Center. The Clayton Community Service Center provides mental health, mental retardation, and substance abuse services in Clayton County. In 1994, the General Assembly created as state agencies the statewide system of regional and local service boards to oversee the operation of community service centers.

The Clayton County Community Service Board, which was created as part of the statewide system, had six volunteer members appointed by the Clayton County Board of Commissioners and one ex-officio voting member from the Commission. The Board made policy and oversaw the operations of the Center; the Center was operated by the staff of mental health professionals under the direct supervision of Ashe as executive director. OCGA § 37-2-6.1. From 1995 until 2000, the Board had a one-year employment contract with Ashe to work as the Center Director. From 1995 through 2000, Ashe's employment contract was annually reviewed and renewed by the Board. The contract provided for notice and a 20-day period to cure any default under the contract. The Board admitted that Ashe was covered by the provisions of the State of Georgia Merit Protection System. OCGA § 37-2-6.1 (b) (7).[1]

On April 24, 2000, without prior notice or opportunity to cure any default under the employment contract, Ashe was terminated five months prior to the end of his employment contract.

1. Ashe contends that the trial court erred in determining that he was an officer instead of an employee under the State of Georgia Merit Protection System. We agree.

---

[1] The Board attached to its brief documents that lack certification of authenticity or affidavit of authentication and that are not part of the record in the motion for summary judgment, i.e., an executive order placing the position under OCGA § 45-20-2 (15) (V) as unclassified and offer to Ashe of the position as unclassified. Since such evidence is not part of the record considered by the trial court, then it cannot be considered on this appeal. Exhibits attached to briefs on appeal are not part of the record and cannot be considered as evidence. *Johnston v. Warendh*, 252 Ga. App. 674, 677 (2) (556 SE2d 867) (2001); *SurgiJet, Inc. v. Hicks*, 236 Ga. App. 80, 82 (4) (511 SE2d 194) (1999). Since this case will be returned to the trial court, then this evidence could be submitted on a second motion for summary judgment.

Under OCGA §§ 37-2-6.1 (b) (7) and 37-2-6.2, the Board was a state agency when it terminated Ashe, and Ashe was a classified employee in a covered position under the State Merit Protection System. OCGA § 45-20-2 (2), (6). Community service boards constitute state agencies as local units of the Department of Human Resources. See *Youngblood v. Gwinnett &c. Community Svc. Bd.*, 273 Ga. 715, 716-717 (2) (545 SE2d 875) (2001) (sovereign immunity of the state extends to community service boards which "are agencies or departments of the State"); cf. OCGA § 37-2-11.1 (c) (1) (declared unconstitutional). Any state agency expressly has the power to contract on any subject matter within its interest. Art. IX, Sec. III, Par. I of the Georgia Constitution of 1983. Any limitation of the right to contract must be specifically expressed or must necessarily be implied by statutory prohibition; limitations or impairment of the power to contract cannot be the result of speculation. *Brown v. Five Points Parking Center*, 121 Ga. App. 819, 821 (175 SE2d 901) (1970).

> A contract can not be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law.

(Citation and punctuation omitted.) Id. All state agencies have the power to enter into employment contracts with their employees. *Regents of the Univ. System of Ga. v. Blanton*, 49 Ga. App. 602 (176 SE 673) (1934). Expressly, the General Assembly granted community service boards the power to enter into annual and renewable employment contracts with its executive director. OCGA § 37-2-6.1 (a), (b) (2).

The Board had to retain Ashe, a state employee, as its employee under the State Merit System when it took over the operation of the Center. OCGA § 37-2-6.2. As executive director, Ashe had to be a covered Merit System employee. See OCGA §§ 37-2-6.1 (b) (7); 45-20-2. Under the powers of the Board and its contract with Ashe, the Board made policies, which Ashe had to implement; it supervised his performance as director. Ashe had no powers other than those expressly delegated to him by the Board. OCGA § 37-2-6.1 (a).

Ashe did not have the powers of the Board, because he was its employee and subject to its supervision; he possessed only such powers as delegated to him by the Board. *Bd. of Ed. of Doerun v. Bacon*, 22 Ga. App. 72, 75 (95 SE 753) (1918). An officer differs from an employee, because "[a] public office is the right, authority, and duty, created and conferred by law, by which for a given period, either

fixed by law or enduring at the pleasure of the creating power, an individual is vested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." (Citation and punctuation omitted.) Id. Neither by contract nor by its statutory powers could the Board terminate Ashe without going through the Merit System, because Ashe was hired and not appointed.

The trial court, in its ruling, erroneously relied upon *Wright v. Gamble*, 136 Ga. 376 (71 SE 795) (1911). *Wright* held:

> [w]here the tenure of an officer is not prescribed by law, the power to remove is an incident to the power to appoint. In such case the appointee holds at the pleasure of the appointing power, although it attempts to fix a definite term; and no formalities such as the preferring of charges or the granting of a hearing to the incumbent are necessary to the lawful exercise of the authority of removal.

Id. When subsequently the General Assembly created the Merit System, the State Merit System prevents those who come under it from termination without compliance with its statutory provisions, including notice and hearing. See OCGA § 45-20-1 et seq. Thus, the General Assembly rendered *Wright* inapplicable except as to those who came under an "unclassified service"; there is no evidence in the record that Ashe came under "unclassified service" designation. OCGA § 45-20-2 (15). Further, the Merit System established the term of employment, except as otherwise set by contract limitation between the parties, and the means of termination, which is not at the discretion of the employer. See OCGA § 45-20-2 (15). As executive director of a community service center, Ashe was a covered employee under the Merit System. OCGA §§ 37-2-6.1 (b) (7); 45-20-2 (5), (7).

Both *Clark v. Head*, 272 Ga. 104 (526 SE2d 859) (2000), and *Brennan v. Chatham County Commrs.*, 209 Ga. App. 177 (433 SE2d 597) (1993), relied upon by the Board in its brief, deal with purely county officer positions that do not come within the State Merit System. In *Clark*, the plaintiff held the position of assistant district attorney and, after the district attorney appointing him lost the election, was terminated by the victor. *Clark*, supra at 104-105 (1). In *Brennan*, the plaintiff was the county attorney appointed by the *Chatham County Commissioners* who terminated him after less than two years. *Brennan*, supra at 178 (2).

2. Division 1 renders the remainder enumerations of error moot.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

*Parks, Chesin & Walbert, Allan L. Parks, Jr.*, for appellant.
*Jacobs, Slawsky & Barnettee, David J. Worley*, for appellee.