A05A2116. DEPARTMENT OF HUMAN RESOURCES v. CREWS.
(628 SE2d 191)

RUFFIN, Chief Judge.

David Crews d/b/a Crews Mobile Home Service ("Crews") sued the Department of Human Resources ("DHR"), alleging that his business was damaged when a Crews company truck was struck by a vehicle driven by an "agent" of DHR. DHR moved to dismiss the complaint on the ground that the driver who struck Crews' truck was not a DHR employee. The trial court denied the motion, and we granted DHR's application for interlocutory appeal. For reasons that follow, we reverse.

A motion to dismiss should be granted when the "complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim."[1] On appeal, we review the trial court's ruling on a motion to dismiss de novo.[2]

---

[1] (Punctuation omitted.) *Ardizonne v. Dept. of Human Resources*, 258 Ga. App. 858 (575 SE2d 738) (2002).
[2] See id.

The following facts are not in dispute. On February 12, 2002, a truck driven by Lonnie James Thomas collided with a vehicle owned by Crews and driven by George Anderson, a Crews employee. At the time of the collision, Thomas was employed by the Satilla Community Service Board ("SCSB").

Asserting that the SCSB is "under the Department of Human Resources" and that Thomas was driving "a state vehicle" for the SCSB, Crews sued DHR for Thomas' alleged negligence in causing the collision. Crews did not name the SCSB as a defendant or include that entity in the ante litem notice accompanying the complaint. DHR subsequently moved to dismiss the claim arising out of Thomas' alleged negligence, asserting that it did not employ Thomas.[3] In response, Crews argued that the SCSB "is an agency or department within the Department of Human Resources" and that SCSB employees are also employees of DHR. The trial court denied DHR's motion, and this appeal followed.

The Georgia Tort Claims Act[4] provides the "exclusive remedy for any tort committed by a state officer or employee."[5] A person who brings suit under the Act "must name as a party defendant only the [S]tate government entity for which the [S]tate officer or employee was acting."[6] Crews argued below that DHR is the proper defendant in this case because, as an employee of SCSB, Thomas also was a DHR employee. The trial court agreed, based on language in *Ashe v. Clayton County Community Svc. Bd.*,[7] which states that "[c]ommunity service boards constitute state agencies as local units of the Department of Human Resources."

The trial court found this language — particularly its reference to community service boards as local units of DHR — dispositive of DHR's motion to dismiss. In our view, however, the *Ashe* language is dicta and thus not binding.[8] Moreover, the case on which *Ashe* relies

---

[3] After DHR filed its motion to dismiss, Crews amended his complaint to allege that the truck driven by Thomas belonged to DHR and that DHR failed to properly maintain it. In a supplemental brief supporting its motion to dismiss, DHR clarified that it only sought dismissal of Crews' complaint to the extent it sought to hold DHR liable for Thomas' negligence.

[4] See OCGA § 50-21-20 et seq.

[5] OCGA § 50-21-25 (a).

[6] OCGA § 50-21-25 (b).

[7] 262 Ga. App. 738, 740 (1) (586 SE2d 683) (2003).

[8] See *State v. Kell*, 276 Ga. 423, 425 (577 SE2d 551) (2003). The *Ashe* opinion addressed whether an executive director of a community service board is an "employee" or a public officer under the Georgia Merit Protection System. See *Ashe*, supra at 739 (1). Nothing in the reasoning applied by the *Ashe* court, or in its ultimate holding, depended upon or involved a determination that community service boards are local units of DHR. The language cited by the trial court, therefore, is dicta. See *Hoesch America, Inc. v. Dai Yang Metal Co.*, 217 Ga. App. 845, 847 (1) (459 SE2d 187) (1995) (indicating that the term "dicta" refers to language in a judicial opinion that is "unnecessary to the holding of the case").

to support the quoted language, *Youngblood v. Gwinnett &c. Community Svc. Bd.*,[9] did not establish that community service boards are units of DHR. It instead found such boards to be "departments or agencies of the State."[10]

Neither *Ashe* nor *Youngblood* answers the question before us. To resolve this appeal, therefore, we look to the statutory scheme governing community service boards.[11] In construing the statutory language, our primary purpose is to determine the legislature's intent.[12] And "[a]ll statutes relating to the same subject matter are construed together to ascertain the legislature's intention unless the statutory language is clear."[13]

With these rules in mind, we turn to the statutory provisions. The legislature created community service boards to "provide one or more mental health, developmental disability, and addictive disease services through contract with [DHR]."[14] Established on a multi-county level, the boards offer "continuity of care through integration of county, area, regional, and state services and facilities for the disabled."[15]

The legislative scheme authorizes community service boards to negotiate and contract annually with DHR to provide specified services.[16] The scheme regulates board membership and requires the boards to adopt bylaws, operational policies, and guidelines that conform to procedures established by DHR's Division of Mental Health, Developmental Disabilities, and Addictive Diseases ("the Division").[17] In addition, the legislation outlines the boards' duties, powers, and functions; sets forth certain operational procedures; specifies that community service boards can sue and be sued; and establishes venue for suits against the boards.[18]

The statutory scheme also sheds light on the relationship between community service boards and DHR. As noted above, the legislature authorized the boards to *negotiate* and *contract with* DHR to provide services, language indicating that the service boards and

---

[9] 273 Ga. 715 (545 SE2d 875) (2001).

[10] Id. at 716 (1).

[11] See id. (reviewing statutory scheme in determining whether boards are State departments or agencies).

[12] See *Miller v. Ga. Ports Auth.*, 266 Ga. 586, 587 (470 SE2d 426) (1996).

[13] Id.

[14] OCGA § 37-2-6 (a). See also *Youngblood*, supra; OCGA § 37-1-1 (7) (defining " 'Department' " as used in Title 37).

[15] OCGA § 37-2-1 (c). See also *Youngblood*, supra.

[16] See OCGA §§ 37-2-2 (2); 37-2-6 (a).

[17] See OCGA §§ 37-2-2 (9) (defining " 'Division' "); 37-2-6 (b), (h).

[18] See, e.g., OCGA §§ 37-2-6.1; 37-2-6.3 (b); 37-2-11.1 (a).

DHR are distinct, separate entities.[19] More importantly, the legislature further provided that, if a particular community service board is unable to carry out its duties, the Division director may assume responsibility for the administration and operation of the board's programs.[20] In such situation, "the programs . . . *become* [DHR] programs," and "the community service board employees . . . *become* employees of [DHR]."[21] At that point, DHR acquires the service board's assets.[22]

Given these provisions, we must conclude that the legislature did not intend for the service boards to be part of DHR — or its employees to be DHR employees — under ordinary circumstances. The General Assembly outlined in detail the structure, responsibilities, and powers of the community service boards. Within that outline, it specified that a service board program, as well as its employees and assets, become part of DHR *only* if the board is unable to carry out its responsibilities.[23] Crews has not alleged or shown that such takeover occurred with respect to the SCSB.

On appeal, Crews urges us to ignore the statutory scheme governing community service boards, asserting that *Youngblood* declared the scheme unconstitutional. In *Youngblood*, however, the Supreme Court deemed OCGA § 37-2-11.1 (c) (1) unconstitutional to the extent it afforded community services boards — which are State agencies or departments — the same immunity granted counties.[24] Nothing in *Youngblood* declares the entire scheme unconstitutional or questions the legislature's authority to create community service boards that are separate and distinct from DHR.

We recognize that DHR and the SCSB have a close working relationship. But that relationship cannot trump the legislature's decision to create independent community service boards. Accordingly, the SCSB is not part of DHR. It follows that the trial court erred in denying DHR's motion to dismiss Crews' complaint to the extent Crews sought relief from DHR for Thomas' negligence.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 7, 2006.

---

[19] See OCGA §§ 37-2-2 (2); 37-2-6 (a).

[20] See OCGA §§ 37-2-10 (b); 37-2-2 (5) (defining " 'Director' ").

[21] (Emphasis supplied.) OCGA § 37-2-10 (b) (1). See also OCGA § 37-2-10 (b) (2) (employees of any service board program that is taken over by DHR pursuant to OCGA § 37-2-10 (b) become DHR employees).

[22] See OCGA § 37-2-10 (b) (1); see also OCGA § 37-2-10 (b) (2) (DHR assumes assets of any service board program for which it takes responsibility).

[23] OCGA § 37-2-10 (b).

[24] See *Youngblood*, supra at 717 (2).

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Richard V. Merritt, Assistant Attorneys General,* for appellant.
*Robert W. Guy, Jr.,* for appellee.