## A06A0315. MARLOWE v. COLQUITT COUNTY.
### (628 SE2d 622)

MIKELL, Judge.

Former county administrator Brian Marlowe sued Colquitt County to recover the lump sum payment contemplated by his employment contract in the event of Marlowe's termination without cause. The trial court granted the County's motion for summary judgment, and Marlowe appeals. We affirm because the employment contract's lump sum payment provision is unenforceable.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that on January 13, 2003, Marlowe and the County entered into an employment contract pursuant to which the County agreed to employ Marlowe to perform the duties of county administrator as specified by the "1986 Georgia General Assembly Act No. 817" (the "Local Act"). See Ga. L. 1986, p. 3735 et seq. Marlowe and the County entered into a new employment agreement on June 17, 2003 (the "Agreement"), to replace the previous contract. Under the Agreement, Marlowe agreed to remain in the exclusive employment of the County through December 31, 2006. The County retained the right to terminate Marlowe's services at any time, provided that

[i]n the event Employee is terminated or not reappointed by the County Commission before expiration of the aforesaid term of employment and during such time that [Marlowe] is willing and able to perform the duties of County Administrator, then in that event the County agrees to pay [Marlowe] a lump sum cash payment equal to the number of months remaining in [Marlowe's] contract term (but not less than three months salary).[1]

On September 15, 2003, the board of commissioners voted to terminate Marlowe's employment effective immediately and to pay his salary and benefits through December 31, 2003. Following his dismissal, Marlowe demanded the lump sum cash payment due him under the Agreement. Marlowe then sued the County to recover $313,000, plus damages and attorney fees. The trial court granted the County's motion for summary judgment, concluding that the Employment Agreement could not be enforced but that Marlowe was entitled to six months' salary less the amount actually paid him for the period between September 15, 2003, and December 31, 2003.

1. Marlowe contends the trial court erred in finding that the Agreement did not conform to the Local Act. We disagree.

The Local Act creates the position of county administrator to which Marlowe was appointed. Ga. L. 1986, p. 3739, § 9. Pursuant to the Local Act, "[t]he county administrator shall be paid an annual salary to be fixed by the board." Ga. L. 1986, p. 3739, § 10. "He shall be appointed in January of each year for a period of 12 months. He shall be subject to removal from office at any time for just cause. He shall be subject to removal from office without cause after having received six months' notice of such removal." Ga. L. 1986, p. 3740, § 11.

The County's board of commissioners was bound by the Local Act in contracting to employ Marlowe as county administrator.

Neither the counties of this state nor their officers can do any act, make any contract, nor incur any liability not authorized by some legislative act applicable thereto. If there is reasonable doubt of the existence of a particular power, the doubt is to be resolved in the negative. Powers of county

---

[1] For purposes of our analysis, we assume that the parties intended that the "lump sum cash payment" would be calculated by multiplying the number of months remaining in the contract term by Marlowe's monthly salary. Read literally, the provision only requires that Marlowe receive compensation equal to the number of months remaining in his contract term, or, in this case, "39.5."

commissioners are strictly limited by law, and they can do nothing except under authority of law.

(Citations omitted.) *Mobley v. Polk County*, 242 Ga. 798, 801-802 (1) (251 SE2d 538) (1979).

Pursuant to the Local Act, the County's administrator must be appointed each January for a 12-month period. Thus, the Agreement is unenforceable to the extent it purports to bind the County to a multi-year contract inconsistent with the annual appointment contemplated by the Local Act. See *Brennan v. Chatham County Commrs.*, 209 Ga. App. 177, 178 (2) (433 SE2d 597) (1993) (where county's enabling act contemplated compensation of a county attorney but not appointment for a fixed term, a multi-year employment contract between the county and the county attorney was not enforceable). Although the Agreement is crafted so as to place the obligation on Marlowe of remaining in the County's employ through December 31, 2006, and to provide that "[n]othing in this agreement shall prevent, limit, or otherwise interfere with the right of the County Commission to terminate the services of [Marlowe] at any time," the County's right to terminate Marlowe is expressly subject to the provisions of Section 3A of the Agreement.

Section 3A of the Agreement provides that if Marlowe is terminated other than for just cause or is not reappointed, then the County is obligated to pay Marlowe a lump sum cash payment "equal to the number of months remaining in employee[']s contract term (but not less than three months salary)." Essentially, this is a "buy out" clause. The provision extends through December 31, 2006, imposing a multi-year obligation on the County not contemplated by the Local Act. The buy out obligation necessarily restricts the board of commissioners' discretion in appointing and retaining its county administrator in view of the substantial cost of severing the County's relationship with Marlowe before the end of the contract term. Furthermore, the Local Act only authorizes Marlowe, as the county administrator, to be compensated through an annual salary, not through a one-time nonannual payment, and the Local Act also contemplates that a county administrator terminated without cause be given six months' notice and not that the County "buy out" the administrator's multi-year contract. See Ga. L. 1986, pp. 3739-3740.

Based on the foregoing, we conclude that the Local Act did not authorize the County to incur the obligation contemplated by Section 3A of the Agreement, and that Section 3A is therefore void and unenforceable. See *City of Buchanan v. Pope*, 222 Ga. App. 716, 719 (1) (c) (476 SE2d 53) (1996) (any "understanding" that police chief had a property interest in his employment was contrary to city charter provision that provided for a 12-month term of service); *Brennan,*

supra, 209 Ga. App. at 178 (2) (multi-year contract for city attorney void in view of city's enabling act and law generally); *Andrews v. Richardson*, 32 Ga. App. 687, 692 (124 SE 378) (1924) (where office of tax collector was authorized by a law which fixed no term of office, the right to appoint was accompanied by the right to remove). Accordingly, the trial court did not err in granting summary judgment to the County.

2. Marlowe also claims that the trial court erred (i) in finding that the Agreement violated OCGA § 36-30-3 and provisions of the Georgia Constitution, (ii) in finding that OCGA § 36-60-13 (a) (1) applied to the Agreement, and (iii) in failing to apply the rules of contract construction. Because we conclude that the trial court correctly granted summary judgment to the County on the grounds that the Agreement's lump sum payment provision was void in contravention of the Local Act, we do not need to address whether the trial court was also correct in finding that the lump sum payment provision violated the Georgia Constitution and OCGA § 36-30-3. The trial court made no erroneous ruling as to the application of OCGA § 36-60-13 (a) as claimed by Marlowe, but expressly declined to address the issue. As to Marlowe's claim that the trial court erroneously ignored the rules of contract construction, Marlowe fails to show how the Agreement may be construed in a way that conforms with the requirements of the Local Law but also allows him to recover on his claim for a $313,000 lump sum payment. We find no error.

3. Marlowe contends that because he asked for attorney fees in his complaint, and because the trial court determined that the County owed Marlowe money, that the trial court erred by failing to consider whether Marlowe was entitled to attorney fees under OCGA § 9-15-14. We disagree. Requests for attorney fees under OCGA § 9-15-14 must be brought by motion. See OCGA § 9-15-14 (e); *Glass v. Glover*, 241 Ga. App. 838, 839 (528 SE2d 262) (2000). Marlowe fails to show he made such a motion. Therefore, the trial court did not err by failing to rule on Marlowe's claim for attorney fees in its order granting summary judgment to the County.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 10, 2006.

*Lehman & Cauley, Thomas L. Lehman, Kevin S. Cauley*, for appellant.

*O'Quinn & Cronin, Michael A. O'Quinn*, for appellee.