A10A0398. JOHNSON v. BOARD OF COMMISSIONERS, BIBB COUNTY et al.
(690 SE2d 912)

ELLINGTON, Judge.

Lee Johnson, Lindsay Holliday, and Louis Ryan filed this action for a declaratory judgment and an injunction against the Bibb County Board of Commissioners and the commissioners as individuals (collectively, "the Board"), alleging that the Board violated Georgia's Open Meetings Act[1] by voting in closed meetings to pursue the acquisition of certain real estate. After a hearing, the trial court granted the Board's motion to dismiss based, inter alia, on its conclusion that the challenged conduct falls within an exception to the Act's[1] requirement for conducting open meetings, OCGA § 50-14-3 (4). Johnson[2] appeals, contending that, although the Act[1] specifically excludes from the requirement of open meetings any discussion

---

[1] OCGA § 50-14-1 et seq.

[2] We note that Lindsay Holliday also filed, pro se, an appellate brief. In his brief, Holliday failed to cite to any legal authority or make any legal argument supporting his position, and also failed to support his claims of error with specific reference to the certified appellate record or hearing transcript. Accordingly, his claims of error are deemed abandoned. Court of Appeals Rule 25 (c); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (legal argument requires the application of the appropriate law to the relevant facts). Louis Ryan did not file an appellate brief.

of future acquisition of real estate, the Act requires that the vote on any such acquisition be taken in public. For the reasons that follow, we affirm.

We review de novo the trial court's grant of a motion to dismiss. *Lee v. Owenby & Assocs.*, 279 Ga. App. 446, 447 (1) (631 SE2d 478) (2006). "A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of [the plaintiff's] claim." (Citation and punctuation omitted.) *D. C. Ecker Constr. v. Ponce Investment*, 294 Ga. App. 833, 834 (670 SE2d 526) (2008).

For the purpose of evaluating the Board's motion to dismiss, we assume, as the trial court did, that Johnson can prove the following facts as averred in his amended complaint. On August 5, 2008, the Board voted to go into closed session to discuss the acquisition of real estate for the construction of a new courthouse. After a discussion, the Board voted to authorize Connie Mac Darnell to purchase as the county's proxy certain parcels of real estate. On November 18, 2008, the Board again voted to go into closed session to discuss the acquisition of real estate for the new courthouse. After a discussion, the Board voted to authorize Darnell to purchase certain additional parcels. In January 2009, the Board first made public the minutes of the closed portions of the August 5 and November 18, 2008 meetings. On February 17, 2009, after Johnson and the other plaintiffs commenced this declaratory judgment action, the Board met in an open meeting and voted to ratify the votes taken in the August 5 and November 18, 2008 meetings.

In his complaint, Johnson alleged that the Board violated the Act on August 5 and November 18, 2008, when it "took a secret vote to acquire real estate." Johnson asked for a declaratory judgment that the Board's "continuing practice of voting in secret to acquire real estate violates the provisions of the Open Meetings Act." Johnson also prayed for a permanent injunction prohibiting the Board from voting in future closed sessions to acquire real estate.

1. Johnson contends that the trial court erred in ruling that a governmental body whose meetings are governed by Georgia's Open Meetings Act may, consistent with the Act, take a vote in a closed meeting regarding the future acquisition of real estate. As a result, Johnson contends, the trial court erred in dismissing the action for a declaratory judgment and an injunction.

The Act requires that, except as otherwise provided, all meetings as defined in the Act "shall be open to the public." OCGA § 50-14-1 (b). It is undisputed in this case that the Board's meetings on August 5 and November 18, 2008, were meetings as defined in the Act and that they were not open to the public. As Johnson concedes, the Act provides an exception from the open meetings requirement for

"[m]eetings when any agency is discussing the future acquisition of real estate." OCGA § 50-14-3 (4).[3] Johnson contends that the Board violated the Act when, without opening the meetings to the public, it moved beyond the mere discussion of future real estate purchases and actually voted to authorize Darnell to purchase certain parcels of real estate. Existing precedent, however, supports the trial court's ruling.

In *Deriso v. Cooper*, 245 Ga. 786 (267 SE2d 217) (1980), the Supreme Court of Georgia considered whether Georgia's first open meetings law,[4] known as the "Sunshine Law," allowed a covered agency to have meetings closed to the public to discuss and decide questions that fell within the enumerated exceptions to the law. The Court concluded that the agency, in that case a county board of education,

> may meet in private (closed to the public) executive or unofficial session either before or after official meetings that are open to the public. At such private sessions, any of the subject matters enumerated in the "Sunshine Law" as exceptions to the public meetings requirements may be discussed, deliberated, considered and heard. No vote need be taken during these private sessions but if any vote is taken, the aye and nay votes of each board member shall be recorded at the conclusion of the executive session and shall become a part of the official minutes or records of the board that are open to public inspection pursuant to [former] Code Ann. § 40-3301 (b).[5]

*Deriso*, 245 Ga. at 787. As the Open Meetings Act does now, the Sunshine Law enacted in 1972 excluded from the open meetings requirement any "[m]eetings when any agency . . . is discussing the future acquisition of real estate[.]" Ga. Code Ann. § 40-3302 (d) (1972).[6] As noted in Justice Hill's special concurrence in *Deriso*, the

---

[3] In full, that subsection provides that the Act shall not apply to
[m]eetings when any agency is discussing the future acquisition of real estate, except that such meetings shall be subject to the requirements of this chapter for the giving of the notice of such a meeting to the public and preparing the minutes of such a meeting; provided, however, the disclosure of such portions of the minutes as would identify real estate to be acquired may be delayed until such time as the acquisition of the real estate has been completed, terminated, or abandoned or court proceedings with respect thereto initiated[.]

[4] Ga. L. 1972, p. 575, codified at Ga. Code Ann. § 40-3301 et seq. See D. Voyles, "Open Meetings: Revise Law," 5 Ga. St. U.L. Rev. 475 (Fall, 1988) (Ga. L. 1972, p. 575 was Georgia's first open meetings law.).

[5] Code Ann. § 40-3301 (b) was the predecessor to OCGA § 50-14-1 (e) (2) and § 50-14-5 (a).

[6] See Ga. L. 1982, pp. 1810, 1813 (Open Meetings Act excludes "[m]eetings when any

Court construed the Sunshine Law as providing that the vote on topics specifically excluded from the law, including real estate acquisitions, "may be taken in private session." *Deriso*, 245 Ga. at 789 (Hill, J., concurring specially).

Similarly, this Court has held that, unless an exception to the open meetings requirement specifically provides that a vote on an excepted issue must be taken in public, a vote may be taken in closed session. *Brennan v. Chatham County Commissioners*, 209 Ga. App. 177, 178 (1) (433 SE2d 597) (1993). *Brennan* concerned OCGA § 50-14-3 (6), which at the time excepted from the open meetings requirement

> [m]eetings when discussing or deliberating upon the appointment, employment, hiring, disciplinary action or dismissal, or performance of a public officer or employee but not when receiving evidence or hearing argument on charges filed to determine disciplinary action or dismissal of a public officer or employee.

OCGA § 50-14-3 (6) (1988).[7] We noted that "an amendment to that section now requires that any *vote* affecting any of the issues contained in § 50-14-3 (6) be taken in public and minutes of the meeting made available. [That] amendment, which became effective April 6, 1992, was not in effect at the times relevant to" that case. (Emphasis in original.) *Brennan*, 209 Ga. App. at 178 (1).[8] Because the applicable exception to the open meetings requirement did not specifically provide that a vote on the excepted issue must be taken in public, a vote could be taken in closed session. Id. See also *Schoen v. Cherokee County*, 242 Ga. App. 501, 502-503 (1) (530 SE2d 226) (2000) (an exception from the open meetings requirement for meetings "to consult and meet with legal counsel pertaining to pending or potential litigation," provided in OCGA § 50-14-2 (1), necessarily includes reaching a decision whether to accept or reject a proposed settlement agreement, "even if it incidentally involves the taking of a vote regarding the litigation and involves the question of whether the matter underlying the litigation will be brought up again during a public meeting").

Based on these authorities, we conclude that the trial court correctly ruled that Johnson's complaint failed to aver any violation

---

agency is discussing the future acquisition of real estate"); Ga. L. 1988, pp. 236, 240 (Open Meetings Act excludes "[m]eetings when any agency is discussing the future acquisition of real estate").

[7] Ga. L. 1988, pp. 236, 240.

[8] See Ga. L. 1992, pp. 1061, 1063.

of the Act. Consequently, we affirm the trial court's order dismissing Johnson's complaint.

2. Johnson contends that the trial court erred in ruling that, even if voting in a closed meeting to pursue the acquisition of real estate does constitute a violation of the Act, Johnson's claims were moot because the Board later ratified in an open meeting the votes taken in the earlier closed meetings. Because the trial court correctly ruled that Johnson's complaint failed to aver any violation of the Act, as explained in Division 1, supra, this claim of error presents no basis for reversal.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 10, 2010.

*Charles E. Cox, Jr.,* for appellant.

*Adams, Jordan & Treadwell, Virgil L. Adams, Donald J. Jordan,* for appellees.